## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (BEAUMONT DIVISION)

| | | |
|---|---|---|
| **TRACY K., AND GALEN D. BARKER** §<br>**Plaintiffs,** § | | $1\!\!\!1\,0\,7\,C\,V\,0\,2\,9\,4$ |

TRACY K., AND GALEN D. BARKER §
        **Plaintiffs,** §
              §
**vs.** §
              §
**HALLIBURTON COMPANY d/b/a** §
**KBR KELLOGG BROWN & ROOT** §
**(KBR); KELLOGG BROWN & ROOT** §
**SERVICES CORPORATION, INC.;** §
**KBR TECHNICAL SERVICES, INC.;** §
**ALI MOKHTARE; SERVICE** §
**EMPLOYEES INTERNATIONAL,** §
**INC.; and THE UNITED STATES OF** §
**AMERICA** §
        **Defendants.** §

$1\!\!\!1\,0\,7\,C\,V\,0\,2\,9\,4$

**CIVIL ACTION NO.** _____
    Heartfield

F I L E D
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

MAY 1 6 2007

DAVID J. MALAND, CLERK

DEPUTY_____

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES, Tracy K. and Galen D. Barker, and file this suit against

Halliburton Company d/b/a KBR Kellogg Brown & Root (KBR); Kellogg Brown &

Root Services Corporation, Inc.; KBR Technical Services, Inc.; Ali Mokhtare; Service

Employees International, Inc.; and the United States of America, complaining about

the sexual harassment, sexual discrimination, intentional infliction of emotional

distress, and other personal injuries to Tracy K. Barker, and the related claims of Galen

D. Barker, her husbans.

For clarification, this case is not about a pinch on the backside, or a few

politically incorrect jests at the office. Tracy Barker was harassed, berated, and

–1–

ultimately physically attacked to the point of having to defend herself from a would-be rapist. An attack which never would have occurred but for the "boys will be boys" attitude that permeated the environment that defendants first created, then failed to warn Tracy about – an environment that was excused, if not encouraged.

## **NATURE OF THE CASE**

1.    This is a Texas diversity, personal injury and employment discrimination and harassment case arising out of Tracy Barker's employment with Service Employees International, Inc. (SEII), in the Green Zone in Baghdad, Iraq and at the Basra Military Base in Iraq. At all times relevant to these allegations, the Green Zone was under the direct control of Defendants, Halliburton and the United States Government, which operated Camp Hope in connection with operations of the Department of State, and which has therefore waived sovereign immunity as to claims such as the one at bar. Ali Mokhtare was an individual working for the Department of State, of the United States Government.

## **PARTIES**

2.    Plaintiff, Tracy K. Barker (hereinafter, "Tracy"), is the wife of Galen D. Barker, a member of the United States Armed Forces, currently stationed at Fort Bragg, North Carolina, who executed her contract of employment with SEII in Houston, Texas on July 22, 2004.

3.    Plaintiff, Galen D. Barker (hereinafter, "Galen"), is the lawful spouse of Tracy, and is a member of the United States Armed Forces, currently stationed at Fort Bragg, North Carolina.

4.    Defendant, Halliburton Company d/b/a KBR Kellogg Brown & Root, (hereinafter, "Halliburton") is a Texas corporation headquartered in Houston, Harris County, Texas.  It contracts for services related to government contracts throughout Texas, the United States, and Worldwide.  Halliburton conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State.  This defendant may be served with process by service upon its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

5.    Defendants, Kellogg Brown & Root Services Corporation and KBR Technical Services, Inc., (hereinafter, collectively "KBR") are a Texas corporation with principle offices in Houston, Harris County, Texas.  It contracts for services related to government contracts throughout Texas, the United States, and Worldwide. KBR conducts business throughout the State of Texas and is, thus, amenable to jurisdiction in this State.  This defendant may be served with service of process by service upon its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

6.    Ali Mokhtare is an individual who, on information and belief, is a foreign national who was employed the State Department of the United States, whose last known address is: 405 Ayr Hill Ave., NE, Vienna, VA 22180-4728. As a United States Employee, he is amenable to jurisdiction in United States Federal Court.

7.    Defendant, the United States of America, is a governmental entity who is properly before this court. However, the time has not run from the filing of the Federal Tort Claim for the filing of this suit, and a stay as to claims against the United States is therefore warranted, if same is requested.

8.    Defendant, Service Employees International, Inc. is a Cayman Islands corporation doing business in the State of Texas with Halliburton, which failed to register with the Secretary of State in Texas as a company doing business in Texas. Therefore, service on OAS will be by service on the Secretary of State of the State of Texas, and upon Shadow Sloan, Esq., who, on information and belief, is the attorney representing that corporation. On information and belief, this corporation was set up as an off-shore tax shelter for Halliburton. (*see attached*)

## JURISDICTION, VENUE AND LIMITATIONS

9.    Jurisdiction is based on diversity of citizenship. 28 U.S.C. §1332. The amount in controversy is substantially in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. The Defendants regularly conduct business

within the district, and the contract of employment executed by Tracy Barker at the time of her employment designates Texas as the contractual jurisdiction to be utilized. Therefore, venue is permissible in this District.

10.    Because this case involves various plaintiffs and various defendants, federal questions of law, and issues that should be resolved at one forum, it is properly before this court, despite the fact that an arbitration agreement purporting to bind some issues exists in this case. Even if the arbitration is binding as against Tracy to some defendants on some issues, it does not prevent her claims as to others. Moreover, Galen Barker is not bound by any agreement whatsoever, making his claims properly before this court. Plaintiff's respectfully ask this court to exercise its discretion to bring all known causes of action to one forum – this court, in the interest of judicial economy, justice and fairness to the parties.

## FACTS

It has become necessary to file this suit as a result of the following facts.

11.    Beginning September 11, 2004, Tracy was in the "Green Zone" in Baghdad, Iraq. She was employed by Service Employers International, Inc., in the Procurement Department. While working in this environment, which was under the direct control and authority of all defendants named herein, with the exception of Ali Mokhtare, individually, Tracy witnessed and experienced verbal and physical threats of

abuse. She was repeatedly exposed to supervisors and co-workers' belittling remarks, constant abusive language and open discussions of sexual exploitation.

12.    Tracy, as well as others, reported this inappropriate conduct to supervisors employed by Halliburton and/or its subsidiaries. However, these complaints of harassment and hostile work environment were ignored and/or incited retaliation. Despite assurances that the reporting of such incidents would be handled discretely, copies of the reports were distributed to management. As a direct result, the abuse to Tracy intensified.

13.    On March 11, 2005, Tracy was transferred to Bahsra, Iraq, which was also under the direct control and authority of all defendants named herein, with the exception of Ali Mokhtare. Again, the working environment was unprofessional and sexually hostile, with daily offensive verbal and physical sexual conduct. Pornography was openly displayed by project leaders, corporate managers, and co-workers. Again, Tracy filed a complaint concerning these matters, but again, to no avail.

14.    On June 21, 2005 Tracy was threatened and physically assaulted by a state department employee, Ali Mokhtare, who was trying to rape her, having first attempting to intimidate her by telling stories of rape victims who were ignored and later found dead. Defendants created, tolerated and/or fostered a sexually hostile work environment that produced an atmosphere conducive to her exploitation as a woman.

This environment led to this ultimate attack on Tracy. Even after the attack was reported, Defendants continued to promote the very type of hostile work environment that contributed and/or caused Tracy to be the subject of verbal and physical abuse.

15.    Tracy was harassed by her direct supervisor to exchange sexual favors for favorable living and working conditions in a *quid-pro-quo* manner following the attack by Ali Mokhtare. Though she initially refused these unwanted sexual advances, she finally succumbed to the intensity of the harassment and the repetitive demands for sex, having just suffered the emotional trauma related to her previous attack, which resulted in tremendous additional emotional suffering.

16.    As a result of the continuous abusive behavior, both verbal and physical, both Tracy and Galen have suffered significant harm as set forth herein.

## LEGAL THEORIES AND CAUSES OF ACTION

17.    Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., SERVICE EMPLOYEES INTERNATIONAL, INC., and ALI MOKHTARE are liable under one or more different, alternative theories of liability recognized under Texas, and Federal, law.

## COUNT I
## NEGLIGENCE OF
## DEFENDANTS, HALLIBURTON AND KBR

18.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

19.    Tracy and Galen plead and will prove that at all times Tracy's conduct was professional and in no way contributed to and/or caused the hostile work environment in which Halliburton/KBR placed her, or the unwelcomed sexual harassment ans physical assault on her person. Tracy, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed on actual and/or constructive notice of the hostile and sexually charged environment, and the sexual harassment of Tracy, in particular. They were, additionally, warned of the foreseeable impending dangers. The harassment and sexual abuse has negatively impacted the terms, conditions, and privileges associated with Tracy's employment, and continue to do so. Tracy has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

20.    Pleading further, Tracy and Galen will show that Defendants, jointly and severally, are responsible for several acts of negligence which were a cause of the incidents, subsequent injuries and damages suffered by them.

Such acts of negligence include, but are not limited to:

(a)    Failing to exercise ordinary or reasonable care in hiring, training,

–8–

supervising and maintaining their employees, servants, agents, officers and representatives;

(b)    Failing to exercise ordinary or reasonable care in providing a safe working environment;

(c)    Failing to exercise ordinary or reasonable care in providing a safe living environment;

(d)    Failing to exercise ordinary or reasonable care in responding to requests of its residents, employees, servants, agents, officers and representatives, specifically Tracy's requests to be moved to a safer environment;

(e)    Failing to recognize, implement and adhere to applicable rules and regulations pertaining to their employees, servants, agents, officers and representatives and their work environments, including permitting alcoholic beverages on the premises with co-ed barracks, with knowledge of the dangers created by its consumption; the failure to provide separate living quarters for male and female residents, and others;

(f)    Failing to provide proper, adequate and sufficient security measures to Tracy at her living quarters in Iraq;

(g)    Failing to properly supervise the project in question;

(h)    Failing to properly supervise the premises in question;

(t)    Failing to warn Tracy of the inherent dangers of her living environment;

(j)  Failing to devise a proper policy or plan for placement of females in their working and/or living environment;

(k)  Failing to respond in a timely and appropriate manner, despite actual and/or constructive knowledge of the on-going sexually-charged environment and the sexual harassment which permeated Halliburton/KBR's Iraq premises;

(l)  Failing to supervise employees so as to prevent attacks such as Tracy suffered.

21.  Tracy and Galen would show, in the alternative, without waiving the above, that Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC. were the occupier/general contractor of the premises in question and that as the occupier/general contractor, the Halliburton Defendants owed a duty to Tracy to warn of and/or correct hidden dangers. Further, Defendants had actual knowledge of the condition that posed an unreasonable risk of harm to Tracy, and other women in her circumstances. Defendants had a duty to take reasonably prudent precautions under the circumstances to reduce or to eliminate the unreasonable risk from that condition and Defendants failed to do so.

22.  Pleading further Tracy and Galen would show that Defendants HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT,

KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., and SERVICE EMPLOYERS INTERNATIONAL, INC., were involved in a joint enterprise as that term is defined in law. At all times relevant hereto, the Halliburton Defendants had an agreement, either express or implied, with respect to the recruitment, training, placement, construction, employment and policies and procedures that entail work in Iraq for the employees of Service Employers International, Inc. Further, they had a common purpose and a common business or pecuniary interest with an equal right to direct and control the enterprise. For the purpose set forth herein, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., and SERVICE EMPLOYERS INTERNATIONAL, INC., are jointly and severally responsible for the injuries and damages sustained by Tracy and Galen Barker.

23.    Defendants are jointly and severally responsible for the acts and omissions in this co-venture. Furthermore, the Defendants are responsible for the acts and omissions of their employees, servants, agents, officers and representatives including, without limitation, under the doctrine of *respondeat superior*, agency and non-delegable duty.

24.    At the time of the incident giving rise to Tracy's claims, she was a

healthy, employable human being with a life expectancy of 49.3 years, according to recent Life Tables published by the United States Census Bureau, a copy of which will be used at trial. According to the U.S. Labor Department table, Plaintiff had an average work life expectancy of 32 years until the age of 65, a copy of which will be used at trial.

25.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

**COUNT II**
**NEGLIGENT UNDERTAKING OF**
**DEFENDANT, HALLIBURTON, KBR AND SEII**

26.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

27.    Tracy and Galen would also show that Defendants HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. and the employees, servants, agents, officers and representatives of each, negligently undertook to provide proper training, adequate and sufficient safety precautions (including adequate security measures), adequate and sufficient policies and procedures in the recruitment, training and placement of

personnel in Iraq and therefore, owed a duty to Tracy pursuant to common law and §

323 of the Restatement (Second) of Torts, to wit:

One who undertakes, gratuitously, or for consideration, to render services to another which he should recognize as necessary for the protection of the other person or things, is subject to liability to the other for physical harm resulting from this failure to exercise care to perform his undertaking, if:

    a.    his failure to exercise such care increases the risk of such harm, or

    b.    the harm is suffered because of the other's reliance upon the undertaking.

28.    As a proximate result of the negligent acts and omissions described

herein, Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN

& ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL

SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC breached

these duties, resulting in injuries and damages to Tracy and Galen.

29.    Defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG,

BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR

TECHNICAL    SERVICES,    INC.,    AND    SERVICE    EMPLOYEES

INTERNATIONAL, INC. breached its duty owed to Tracy and Galen by allowing,

without warning or correction, Tracy to enter into, work in, and be housed in, an

unsafe and hostile area (in this instance, hostile from "*friendly*", rather that enemy

forces). This breach was a proximate cause of Tracy and Galen's injuries set forth

below.

30.     As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT III
## NEGLIGENCE OF
## UNITED STATES OF AMERICA AND ALI MOKHTARE

31.     Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

32.     Defendant, Ali Mokhtare, is guilty of sexual assault, physical assault and/or reckless conduct.

33.     Defendant, The United States of America, negligently and/or recklessly employed Ali Mokhtare, and/or negligently and/or recklessly failed to supervise him in the performance of his duties, and/or negligently and/or recklessly retained him in their employment with knowledge that such retention may lead to an assault on a woman, such as Tracy Barker.

34.     Defendant, The United States Government voluntarily entered Iraq, destroyed its infrastructure, including its court system, and continues to own, occupy, manage, and control United States military bases, at which the government invites United States civilian contractors live and work under the protection of the United States military. Nevertheless, the United States failed to provide a living and working

environment, that was reasonably safe from the sexual and other physical attacks of its own citizens and/or employees by other United States citizens/employees and/or contractors in Bahsra, Iraq and in the "Green Zone" in Baghdad, Iraq, in violation of the Civil Rights Act of 1964 §703(a), 42 U.S.C.A. § 2000e-2(a), including failing to maintain adequate security measures at facilities intended to house female non-combatants.

35.    Tracy and Galen plead and will prove that at all times Tracy's conduct was professional and in no way contributed to and/or caused the hostile work environment in which the United States placed her, or the unwelcomed sexual harassment ans physical assault on her person.    Tracy, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed on actual and/or constructive notice of the hostile and sexually charged environment, and the sexual harassment of Tracy, in particular.  They were, additionally, warned of the foreseeable impending dangers. The harassment and sexual abuse has negatively impacted the terms, conditions, and privileges associated with Tracy's employment, and continue to do so.  Tracy has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

36.    The United States of America is in possession of a claim filed on behalf of the Plaintiff, Tracy Barker, herein, and has not yet responded to this claim.

-15-

37.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00

## COUNT IV
## SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT CREATED BY DEFENDANT, HALLIBURTON, KBR AND SEII

38.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

39.    Pleading in the alternative without waiving the above allegations and while incorporating the factual allegations stated herein above, Tracy and Galen would show that during her employment in Iraq, Tracy was subject to and the target of sexual harassment by employees, agents and/or ostensible agents or employees of HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC.   The sexual harassment was both verbal and visual. Tracy Tracy's conduct was professional and in no way contributed to and/or caused the hostile work environment in which Halliburton/KBR placed her, or the unwelcomed sexual harassment and physical assault on her person.   Tracy, as a female employee is protected against sexual harassment under federal law. At all times prior to the assault, Defendants were placed

–16–

on actual and/or constructive notice of the hostile and sexually charged environment, and the sexual harassment of Tracy, in particular. They were, additionally, warned of the foreseeable impending dangers. The harassment and sexual abuse has negatively impacted the terms, conditions, and privileges associated with Tracy's employment, and continue to do so. Tracy has suffered debilitating, and permanent injuries for which Defendants herein are responsible.

40.    Because this environment of harassment was allowed and/or encouraged to exist unchecked, it created an atmosphere physically threatening to the Tracy. Defendants conduct (or lack thereof) created and fostered a sense of superiority to male supervisors and others which allowed them to harass and abuse persons such as Tracy, in violation of the Civil Rights Act of 1964 §703(a), 42 U.S.C.A. § 2000e-2(a).

41.    This environment allowed, caused and/or contributed to the eventual physical assault upon Tracy, which caused both the physical and mental damages with which Tracy and Galen are still suffering.

42.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT V
## RETALIATION
## BY DEFENDANT, HALLIBURTON, KBR AND SEII

43.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

44.    Pleading in the alternative and without waiving the above allegations and while incorporating the factual allegations stated herein above, Tracy and Galen would show that while Tracy actively pursued a solution to the sexual harassment and hostile work environment she received little or no help. In fact, she was ridiculed, threatened and harassed because of her reporting of the incidences more specifically stated herein above. Because of the retaliation on the part of the Defendants, Tracy and Galen seek all remedies set forth herein below.

45.    Tracy and Galen would show that HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC. exercised significant control over the actions of Tracy's employer, SEII, and that Halliburton/KBR used its influence to retaliate against Tracy's reports of harassment and hostile work environment above.

46.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT VI
## AGENCY, JOINT VENTURE, JOINT ENTERPRISE, DIRECT CORPORATE LIABILITY

47.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

48.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC is vicariously liable for the conduct of its employees, agents and ostensible agents, including Crystal Daniels, Barron Marcee, Craig Grabein, Wesley Lane, Jeff Melton, Sherman Richardson, Robert Richmond and others, under theories of actual agency, apparent agency, ostensible agency, and agency by estoppel.

49.    In the alternative, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC, its employees, agents and ostensible agents, engaged in joint ventures, joint enterprises, and/or are liable under the direct corporate liability theory, and/or are liable under the theory of *respondeat superior*.

50.    The United States Government is vicariously liable for the conduct of its employees, agents and ostensible agents, including Ali Mokhtare, under theories of

actual agency, apparent agency, ostensible agency, and agency by estoppel.

51.    In the alternative, the United States Government, its employees, agents and ostensible agents, including Ali Mokhtare, engaged in joint ventures, joint enterprises, and/or are liable under the direct corporate liability theory, and/or are liable under the theory of *respondeat superior*.

52.    Defendantss conduct was unreasonable, or negligent, and was a proximate cause of Tracy Barker's assault and sexual harassment.  The negligence includes failure to comply with company policies regarding sexual misconduct, failure to comply with federal law regarding sexual harassment and sexually charged work place, failure to prevent retaliatory behavior following a complaint by the victim, negligent misrepresentations, and covering up the allegations by failing to assist with the investigation of same.

53.    Defendants are liable for breach of express and implied warranties, which breach is cognizable, not only under the common law, but also via the DTPA.

54.    All theories of liability and recovery are pled cumulatively and alternatively, with no election of remedies until such time as the trier of fact has resolved disputed issues of fact and the Court compels such an election, if, in fact, the Court does so.

55.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

**COUNT VII**
**BREACH OF CONTRACT**

56.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

57.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC breached their contract of employment with Tracy in each of the following particulars:

a.    The "Employment Agreement" between Service Employees International, Inc. was executed on July 22, 2004 purports to cover the employment-related matters between the Plaintiff and SEII;

b.    SEII and/or the other defendants named herein breached the specific and implied warranties of security against violations of security rules as set forth by paragraph 15 (a) of the Employment Agreement;

c.    SEII and/or the other defendants named herein breached the

specific and implied warranties of protection against violations of Corporate Policies regarding Standards of Conduct as set forth by paragraph 16 of the Employment Agreement;

d.    SEII and/or the other defendants named herein breached the specific and implied warranties of protection against violations of Project and/or Work Location Policies regarding Standards of Conduct as set forth by paragraph 16 of the Employment Agreement;

e.    SEII and/or the other defendants named herein breached the specific and implied warranties of protection against misconduct of other employees as set forth by paragraph 16(b) of the Employment Agreement;

f.    SEII and/or the other defendants named herein breached the specific and implied warranties of protection against Illegal Actions as set forth by paragraph 16(m) of the Employment Agreement;

g.    SEII and/or the other defendants named herein breached the specific and implied warranties of protection against Sexual Harassment as set forth by paragraph 16(n) of the Employment

Agreement;

h.      SEII and/or the other defendants named herein breached the specific and implied warranties of protection against sexual advances by an employee within the chain of command or sphere of influence of Tracy as set forth by paragraph 16(p) of the Employment Agreement.

58.     As a direct result of the aforesaid breaches of the Employment Agreement, Tracy was enticed to travel into Baghdad, Iraq, and to place her person in harm's way from the very people who were purported to be working on "her side." Therefore, she was harmed, as set forth herein.

59.     As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT VIII
## FRAUD IN THE INDUCEMENT TO ENTER THE EMPLOYMENT CONTRACT

60.     Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

61.     HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC.

fraudulently induced Tracy to enter into the contract of employment with SEII on July 21, 2005, by misleading her *inter alia* in each of the following particulars:

a.    At all times relevant to the discussion leading up to the execution of the employment contract in this case, and at the time of its execution, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. were aware of the repeated sexual attacks, sexual harassment and mistreatment of women in and around Baghdad, Iraq, by United States citizens in general, and its own employees, in particular, yet actively concealed this fact from women who were being asked to serve in that arena, particularly, Tracy;

b.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. each knew that personal safety was an issue that would have been significant to any applicant for service in Iraq, particularly Tracy Barker, and that the

concealed knowledge would likely have prevented women in general, and Tracy, in particular, from entering into a contract of employment which required her to go to Iraq under those conditions;

c.     HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. each actively concealed knowledge of the dangers of sexual harassment, assault, rape, and other related acts from women who were enticed to travel, unprotected and unprepared, into this hostile environment;

d.     HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. each participated in presenting a contract of employment, along with a pamphlet for outlining grievance procedures and complaints, in a knowing and active inducement to women in general, and Tracy in particular, to execute a contract to accept dangerous employment, while having

full knowledge of the dangers from its own employees, and concealing that fact;

e.    The "Employment Agreement" between Service SERVICE EMPLOYEES INTERNATIONAL, INC. purports to cover the employment-related matters between the Plaintiff and SEII; yet, despite the knowledge of HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC. that women were being raped and assaulted by Halliburton employees and/or those of its subsidiaries in Iraq, such acts were specifically omitted from the contract of employment as a known and foreseeable risk, in an active effort to conceal the very nature of the working and living environment into which women such as Tracy, and Tracy herself, would be thrust;

f.    Tracy Barker relied upon the misrepresentations of fact regarding the safety measures for women in Iraq (at least as they pertained to her fellow countrymen in general, and her co-workers, in particular) when she entered into the contract of July 22, 2004;

g.    If the true nature of the employment had been made known to Tracy, she would not have executed the contract, would not have been sent to Iraq, would not have been subjected to the severe and repeated acts of sexual harassment by fellow employees, including a quid pro quo demand for sex by her Halliburton supervisor in Baghdad, and would not have suffered the sexual assault set forth in this complaint.

62.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.    Tracy and Galen hereby incorporate all paragraphs of this Complaint into this Count, as if they were fully alleged herein, and further alleges as follows:

64.    HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., AND SERVICE EMPLOYEES INTERNATIONAL, INC each acted (as set forth herein) intentionally and/or recklessly, in a manner which was extreme and outrageous under the circumstances, and which caused severe emotional

distress to Tracy and Galen Barker.

65.    As a direct and proximate result of the allegations contained herein, Tracy and Galen have suffered the damages set forth more fully herein, all of which are in excess of $100,000.00.

## PROXIMATE CAUSE

66.    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, jointly and/or severally, constitute a direct and proximate cause of the injuries and damages set forth below.

## DAMAGES AND REMEDIES

67.    As a direct and proximate result of the aforementioned abuse, harassment and attacks on the part of these defendants, jointly and severally, Tracy Barker was caused to suffer serious injuries. As a result of same, Tracy has suffered the following damages:

a.    Reasonable medical care and expenses in the past. These expenses were incurred by Tracy for the necessary care and treatment of the injuries resulting from the incident complained of herein, and such charges are reasonable and were usual and customary charges for such services;

b.    Reasonable and necessary medical care and expenses which will,

in all reasonable probability, be incurred in the future.

c.  Physical pain and suffering in the past;

d.  Mental anguish in the past;

e.  Physical pain and suffering in the future;

f.  Mental anguish in the future;

g.  Physical impairment and disfigurement in the past;

h.  Physical impairment and disfigurement which, in all reasonable
    probability, will be suffered in the future.

i.  Loss of earnings in the past;

j.  Loss of earning capacity which will be, in all probability, incurred
    in the future;

k.  Fear of a future disease condition;

l.  Cost of medical monitoring and prevention in the future.

68.  As a direct and proximate result of the abuse and attack on his wife, Galen
Barker was also injured. As a result of same, Galen has suffered the following
damages:

a.  Reasonable medical care and expenses in the past. These expenses
    were incurred by Tracy for the necessary care and treatment of the
    injuries resulting from the incident complained of herein, and such

charges are reasonable and were usual and customary charges for such services;

b.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future.

c.    Mental anguish in the past;

d.    Mental anguish in the future;

e.    Loss of earnings in the past;

f.    Loss of earning capacity which will, in all probability, be incurred in the future;

g.    Loss of Consortium;

h.    Loss of the care, comfort, society, services and companionship of his spouse, Tracy Barker;

i.    Cost of medical monitoring and prevention in the future.

## GROSS NEGLIGENC/EXEMPLARY DAMAGES

69.    Tracy and Galen re-allege and incorporate each allegation contained in Paragraphs hereinabove of this Petition as fully set forth herein.

70.    Without waiving the foregoing, Tracy and Galen seek exemplary damages pursuant to Texas Civil Practices and Remedies Code §41.003(3) and pursuant to the definition of "Gross Negligence" as provided in §41.001(11)(A) and (B). Specifically,

defendants, HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., SERVICE EMPLOYEES INTERNATIONAL, INC., and ALI MOKHTARE, completely, recklessly, maliciously, and/or with conscious or reckless indifference, ignored the probability and magnitude of the potential harm to others, including Tracy Barker, in creating the hostile, sexually charged work environment and living conditions for women in Iraq, and for its handling of her complaints. When viewed objectively from the standpoint of HALLIBURTON COMPANY d/b/a KBR KELLOGG, BROWN & ROOT, KELLOGG, BROWN & ROOT SERVICES, INC., KBR TECHNICAL SERVICES, INC., SERVICE EMPLOYEES INTERNATIONAL, INC., and ALI MOKHTARE at the time of their acts and omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Tracy Barker. Furthermore, each defendant named herein had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifferences to the rights, safety and welfare of others, including Tracy.

71.    As a result of the gross neglect and legal malice of each of the named defendants, Tracy and Galen seek an award of exemplary damages under TEX. LAB. CODE §408.001(b) and Article 16, Section 26 of the Texas Constitution.

72.    Defendants knowingly, and with wanton disregard for the welfare of Tracy

Barker, ignored her complaints, failed to investigate her reports of misconduct, and instead retaliated against her for having attempted to better her working and living conditions. In doing so, they placed Tracy at an extreme degree of risk of continued sexual harassment and sexual assault in the context of "boys will be boys," considering the probability and magnitude of the potential harm to her, which, when viewed objectively from the standpoint of the reasonable person was foreseeable at the time they ignored her complaints.

73.    Defendants' negligent acts and/or omissions, individually and jointly, constituted a conscious disregard of an extreme degree of risk, all of which led to the injuries and damages of Tracy and Galen Barker.

74.    If the trier of fact finds the requisite degree of culpability required by Texas law for an assessment of punitive or exemplary damages, Plaintiffs seek such an award as is right and just.

75.    Plaintiffs are also entitled to recover prejudgment interest and costs of court.

## JURY DEMAND

76.    Plaintiffs hereby invoke their right to trial by jury.

WHEREFORE, Plaintiffs pray that the Defendants be cited to appear and answer herein, and that, after a trial, they receive such monetary damages, both actual and exemplary, and other relief as is sought herein and appropriate under the law and the facts.

Respectfully submitted,

L. Todd Kelly
THE KELLY LAW FIRM, P.C.
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939

Paul Waldner
VICKERY, WALDNER & MALLIA, L.L.C.
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

&

Stephanie M. Morris
ATTORNEY AT LAW
Member of D.C. and PA. Bars
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-3353
Fax. (202) 463-6328

*ATTORNEYS FOR PLAINTIFF, TRACY BARKER*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served with true and correct copies of the attached document on this ⟋5⟍ day of May, 2007:

*Shadow Sloan, Esq.*
**VINSON & ELKINS, LLP**
*First City Tower*
*1001 Fannin Street, Suite 2300*
*Houston, Texas 77002-6760*





Halliburton subsidiaries in offshore tax-havens.

AOC Services Limited - Jersey
Avalon Financial Services - Cayman Islands
Baroid Caribbean Limited Brown & Root (Overseas) Limited - Jersey
Brown & Root Cayman Holdings - Cayman Islands
Brown & Root International - Panama
Caspian Transco Inc. - Cayman Islands
Dresser AG - Liechtenstein
Dresser Anstalt - Liechtenstein
Dresser Investments - Netherlands
Antilles Dresser-Rand
C.I. Limited - Cayman Islands
Grove Foreign Sales Corp. - Barbados*
Halliburton Energy Development (Kazakhstan) Limited - Cayman Islands*
Halliburton energy Development - Cayman Islands
Halliburton Geophysical Services - Cayman Islands
Halliburton Latin America - Panama
Halliburton Offshore Servcs Inc. - Cayman Islands*
Halliburton Overseas Limited - Cayman Islands
Halliburton Products & Svcs. - Cayman Islands
Halliburton West Africa Ltd. - Cayman Islands
Halliburton Worldwide Ltd. - Cayman Islands*
Halson Financial Svcs. - Cayman Islands*
HGS enterprises Inc. - Panama
International Admin. Svcs. - Cayman Islands*
International Oil Field Engr. - Cayman Islands
Kellogg Foreign Sales Corp. - Barbados
Kellogg Int'l Services - Cayman Islands
Kellogg ISL Ltd. - Cayman Islands
Kellogg Overseas Corp. - Panama
Kellogg-Chiyoda Services - Cayman Islands
Kinhill Kramer (Vanuatu) - Vanuatu
Kinhill Kramer Solomon - Solomon
Landmark Sales Corp. - Barbados
MWKL Field Services - Cayman Islands
Overseas Administration Servcs - Cayman Islands*
Petroleum and Industrial Maintenance Co. Ltd - Cayman Islands
Professional Resources Ltd. - Bermuda
Property and Casualty Insurance
Limited - Vermont - Bermuda
Security DBS (MEM) E.C. - Bahrain
Service Employees Int'l Inc. - Cayman Islands
Shaw International Ltd. - Barbados

*(Source: Halliburton 10-K, Exhibit 21, filed with the SEC in 2000)*

About Citizen Works | Contact Us | Privacy Policy | Jobs/Internships
ALL CONTENT © 2004 CITIZEN WORKS