IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TRACY K., and GALEN D. BARKER | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:07-CV-0294 |
| | § | |
| HALLIBURTON COMPANY d/b/a | § | |
| KBR KELLOGG BROWN & ROOT | § | |
| (KBR); KELLOGG BROWN & ROOT, | § | |
| SERVICES, INC.; KELLOGG | § | |
| BROWN & ROOT INTERNATIONAL, | § | |
| INC.; KELLOGG BROWN & ROOT, | § | |
| LLC; KELLOGG BROWN & ROOT, | § | |
| INC.; KELLOGG BROWN & ROOT, | § | |
| S. de R.L.; KELLOGG BROWN & | § | |
| ROOT (KBR), INC.; KBR | § | |
| TECHNICAL SERVICES, INC.; | § | |
| ALL MOKHTARE; SERVICE | § | |
| EMPLOYEES INTERNATIONAL, | § | |
| INC.; and THE UNITED STATES OF | § | |
| AMERICA | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

**DEFENDANTS KBR, HALLIBURTON, AND SEII'S MOTION TO DISMISS OR
TRANSFER FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER IN
THE INTERESTS OF JUSTICE AND FOR THE PARTIES' CONVENIENCE**

Plaintiffs Tracy K. and Galen Barker currently reside in North Carolina. The Barkers assert a variety of claims in this lawsuit, including: 1) negligence claims related to sexual harassment that Tracy Barker alleges she experienced while working in Iraq for Service Employees International, Inc. ("SEII"); 2) sexual harassment and retaliation claims in violation of Title VII that Tracy Barker alleges she experienced in Iraq; 3) breach of contract claims based on an agreement made between Tracy Barker and SEII in Houston, Texas; and 4) fraudulent inducement claims arising from representations allegedly made or omitted when Tracy Barker

was being recruited and processed by KBR in Houston, Texas prior to her SEII employment in Iraq.[1] Because there is no connection between these claims (which relate solely to events that allegedly occurred in Iraq and Houston, Texas) Defendants Halliburton Company ("Halliburton"), KBR, Inc. ("KBR"), and SEII[2] move to dismiss or transfer for improper venue, or, alternatively, to transfer to the Southern District of Texas, Houston Division, in the interests of justice and for the parties' convenience.[3]

## STATEMENT OF THE ISSUES PRESENTED

1.  Whether this action should be dismissed or transferred because venue is improper in the Eastern District of Texas.

2.  Whether this action should be transferred to the Southern District of Texas, Houston Division in the interests of justice and for the convenience of the parties.

### I.    Venue Facts

Halliburton is a Delaware corporation with its principal place of business in Houston, Texas. Affidavit of Dean Graves, attached as Exhibit 1. KBR also is incorporated in Delaware,

---

[1] In *Jones v. Halliburton Co.*, et al, C.A. No. 1:07-CV-0295, persons sharing counsel with Plaintiffs brought in this court essentially the same claims against the most of the same corporate defendants and the United States. Defendants in that case are moving to dismiss on grounds of improper venue, or in the alternative, to transfer the action to the Southern District of Texas.

[2] The Barkers have named a litany of defendants to this action. For the sake of clarity, KBR, Inc., is the ultimate parent company of Kellogg Brown & Root International, Inc., Kellogg, Brown, and Root, LLC, KBR Technical Services, Inc., Kellogg Brown & Root International, Inc., KBR, S. de R.L. and OAS, and this motion is submitted on behalf of those parties. Halliburton Company, while formerly KBR's parent, has spun off its ownership interest in KBR, and contrary to the plaintiffs' caption does not "do business as" KBR. This motion also is submitted on Halliburton's behalf.

[3] The plaintiffs in this case are obligated contractually to arbitrate their claims under the Halliburton Dispute Resolution Program ("DRP"), which calls for binding arbitration of all disputes between employees and KBR or its subsidiaries. See Employment Agreement, attached as Exhibit 2 (paragraph 26). This motion to dismiss or to transfer venue is filed without waiving the defendants' right to compel arbitration of the Barkers' claims. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726-27 (7th Cir. 2004) (motion to dismiss or to transfer venue does not waive right to arbitrate) (citing cases); *Lake Communications, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984)(no waiver of right to arbitrate when motion to dismiss filed).

2

and its principal place of business is Houston, Texas. *Id.* SEII is incorporated in the Cayman Islands with its principal place of business in Dubai, United Arab Emirates.[4] *Id.*

One of KBR's projects is called the Logistics Civil Augmentation Program, or "LOGCAP III." *Id.* The LOGCAP III project provides logistical support to the U.S. government abroad, including operations in Iraq. Certain foreign subsidiaries of KBR employ persons to perform work on the LOGCAP III project in performing under U.S. government contracts. *Id.* One of these foreign subsidiaries is SEII. *Id.*

Tracy Barker was hired by SEII effective July 31, 2004 to work as an administrative assistant in Iraq. Affidavit of Janet Brooks, attached as Exhibit 3; Personnel Action Notice, attached as Exhibit 4. She listed a Fort Bragg, North Carolina address as her permanent residence when applying for employment. Applicant Personal Information Supplement, attached as Exhibit 5. Prior to being deployed to Iraq, Tracy Barker underwent pre-employment testing and orientation conducted by KBR Technical Services, Inc. ("KBRTSI"), in Houston, which included disclosures about overseas living conditions. Exhibit 3. After successfully completing her Houston orientation, Tracy Barker executed an SEII employment agreement in Houston, Texas and departed for Iraq. Exhibits 2, 3.

According to the Barkers' Complaint, Tracy Barker first was employed in Baghdad, Iraq, where she allegedly was subjected to "threats of abuse," "belittling remarks," and retaliation for complaints she made about such matters. Complaint at ¶ 11-12. She later was transferred to Basrah, Iraq. Exhibit 6. They further claim that while in Basrah, a State Department employee

---

[4] The other KBR-related named defendants similarly have their primary place of business in Houston. Kellogg, Brown & Root Services, Inc. is incorporated in Delaware and based in Houston, as is Kellogg Brown & Root LLC and KBR Technical Services, Inc. Exhibit 1. Kellogg Brown & Root International, Inc. is incorporated in Panama and based in Houston. *Id.* KBR, S de RL is incorporated in Panama and based in Houston. *Id.* Finally, Kellogg, Brown & Root, Inc., which was merged on December 31, 2005 and is no longer an active entity, was incorporated in Delaware and based in Houston. *Id.*

attempted to rape Tracy Barker in his living quarters. Finally, they claim that her Basrah supervisor subjected her to quid pro quo sexual harassment. Complaint at ¶ 15.

### II.     Motion to Dismiss or Transfer Based Upon Improper Venue

#### 1.     Venue is Improper in the Eastern District of Texas.

The Barkers' Complaint contains minimal venue allegations, stating only that "[t]he Defendants regularly conduct business within the district" and that Tracy Barker's employment agreement "designates Texas as the contractual jurisdiction to be utilized." From those allegations, the Barkers conclude that "venue is permissible in this District." Complaint at ¶ 9. As they apparently ignored the applicable venue provisions, this conclusion is wrong.

First, contrary to the Complaint's implications, there is no agreement designating the Eastern District of Texas as a forum for the Barkers' claims. Indeed, the only "forum" to which any of the parties agreed was arbitration through the Dispute Resolution Program. Exhibit 2 at ¶ 26. The contractual provision to which the Barkers refer is a Texas choice of law provision in Tracy Barker's employment agreement, which in no way refers to the Eastern District of Texas or to the appropriate forum for her complaints. *Id.* at ¶ 25.

Therefore, venue is governed by the applicable federal rules. Where the court's subject matter jurisdiction is based upon federal question jurisdiction as well as diversity of citizenship, 28 U.S.C. § 1391(b) provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Clearly, 28 U.S.C. § 1391(b)(1) does not provide venue, as not all defendants reside in Texas; Defendant Ali Mokhtare, currently stationed in Iraq, is a resident of Virginia. Complaint at ¶ 6.

4

Additionally, 28 U.S.C. § 1391(b)(2), which provides venue in a district "in which a substantial part of the events or omissions giving rise to the claim occurred," does not apply here. All of the events or omissions alleged by the Barkers took place within Iraq or the Southern District of Texas. In contrast, <u>none</u> took place within the Eastern District.

28 U.S.C. § 1391(b)(3) only applies "if there is no district in which the action may otherwise be brought," either under Section 1391(b)(1) or (2) or any specialized venue statute. WRIGHT & MILLER 14D § 3806.2 at 238. This provision is inapplicable here, as the action could have been brought in the Southern District of Texas.

For one thing, a "substantial part of the events or omissions giving rise to the claim" took place in the Southern District. The contract that the Barkers claim was breached was entered into in Houston. *See* Exhibit 2. Also, the Barkers claim that Tracy Barker was fraudulently induced in the "discussion leading up to the execution of the employment contract in this case," which took place during her orientation in Houston. Complaint at ¶ 61; Exhibit 3. Therefore, venue would be proper in the Southern District.

Furthermore, the Barkers bring claims under Title VII, for which Congress has adopted special venue provisions:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of section 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. §2000e-5(f)(3). While the unlawful employment practices the Barkers allege took place in Iraq,[5] employment records for Tracy Barker were maintained in Houston.[6] Exhibit 3. Therefore, venue would be proper in the Southern District on this basis as well.

Because this action could have been brought in the Southern District, the fallback provision in 28 U.S.C. § 1391(b)(3) does not apply, and venue is inappropriate in the Eastern District.[7]

### 2. This Case Should Be Dismissed.

This Court has broad discretion in deciding whether to dismiss or transfer a case. *See Oaks of Woodlake Phase III, Ltd. v. Hall Bavoutree Assocs., Ltd.*, 939 F.2d 802, 806 (9th Cir. 1991). Dismissal is appropriate when there is no threat of a procedural bar to plaintiffs' cause of action and there is nothing obscure about the proper forum for the litigation. *See Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003). In this case, the Barkers will not be adversely affected by a dismissal without prejudice.[8] Furthermore, as they filed this action in a district with no connection whatsoever to their claims, as opposed to a proper forum (the Southern District), dismissal should not surprise the Barkers.

---

[5] The Barkers' Title VII claims arose exclusively from events allegedly occurring in Iraq. They bring additional employment-related, non-Title VII claims which arose from events allegedly occurring or failing to occur in Houston.

[6] Employment records for Barker were also maintained in Iraq; her payroll records were maintained in Dubai. Ex. 3.

[7] While the Barkers additionally bring claims against State Department employee Mokhtare and the United States, 28 U.S.C. § 1391(e) cannot be a basis for venue in the Eastern District. First, the alleged assault by Mokhtare clearly was not committed by him "acting in his legal capacity or under color of legal authority," as is required by the statute. *See Stafford v. Briggs*, 444 U.S. 527 (1980)(holding that suit for money damages against a private individual is not a "suit essentially against the United States" and thus is not encompassed by Section 1391(e)). Secondly, Section 1391(e)'s reference to "suits against the United States" refers only to suits seeking review of administrative actions, which is not the nature of the Barkers' action; 28 U.S.C. § 1402(b), which allows suit only where the plaintiff resides or where the act occurred, controls in other suits against the United States. *See* WRIGHT & MILLER 14D § 3814 at n. 22, *citing Misko v. U.S.*, 77 F.R.D. 425, 429 n. 7 (D. D.C. 1978).

[8] While Title VII has a relatively short time period within which suit must be filed once a plaintiff has received her authorization to sue from the EEOC, that is not yet a factor in this case since the EEOC has not yet issued Barker a right to sue notice.

  **3. In the Alternative, This Case Should Be Transferred Under Section 1406.**

In the alternative, this court should transfer this case to the Southern District of Texas, Houston Division, under 28 U.S.C. § 1406(a), as the Barkers filed this case laying venue in the wrong district.

  **III. Motion to Transfer For the Convenience of the Parties and In the Interests of Justice.**

Even should this Court determines that the Eastern District is a permissible venue for this action, it should be transferred to the Southern District, where it could have been brought, for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). No parties to this action reside in the Eastern District (or resided there during any relevant time period), and none of the actions complained of took place in the Eastern District. Given this case's lack of any nexus whatsoever to this district, in contrast to the Southern District's strong connection to the facts underlying the Barkers' claims (as well as being the primary place of business for Halliburton and KBR), this is precisely the type of circumstance in which Section 1404 should apply. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)(noting that the purpose of section 1404(a) is to "prevent the waste of time, energy and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense").

  **A. This Action Could Have Been Brought in the Southern District.**

To transfer an action under section 1404(a), the proposed transferee court must be one in which the action could have been commenced originally. *See Van Dusen*, 376 U.S. at 616. The Southern District would have diversity and subject matter jurisdiction over this action, as does the Eastern District. Additionally, venue would be proper in the Southern District under the aforementioned provisions: 28 U.S.C. § 1391(b)(2) (providing venue where a "substantial part

of the events or omissions giving rise to the claim occurred") and 42 U.S.C. §2000e-5(f)(3) (providing venue, inter alia, in the district where related employment records are kept).

### B. Private and Public Interest Factors Favor Transfer to the Southern District.

Factors relevant to a proposed venue transfer under section 1404(a) are set forth in the statute itself: "(1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice." 28 U.S.C. § 1404(a). Determining "convenience" turns on a number of private and public interest factors, none of which are dispositive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Private concerns include the plaintiff's choice of forum, convenience of the parties, ease of access to sources of proof, the availability of compulsory process to secure witness attendance, the cost of attendance for willing witnesses, place of the alleged wrong, possibility of delay and prejudice if transfer is granted, location of counsel, and all other practical issues. *Id.*, citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6 (1981); *Gajeske v. Wal-Mart Stores, Inc.*, 2000 WL 34401691 *6-7. Public concerns include the administrative difficulties resulting from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the laws that will govern the case, and the unnecessary problems of conflict of laws or the application of foreign laws. *Id.* While some of these factors are neutral in this case, <u>none</u> weigh in favor of litigation in the Eastern District.

### 1. Because Plaintiffs Do Not Reside in the Eastern District, Their Choice of Forum is Afforded Little Weight.

While the Fifth Circuit generally holds that a plaintiff's choice of forum is "highly esteemed," such deference is unwarranted where a plaintiff's forum choice has no connection to the given case. *Lindloff v. Schnectady International*, 950 F.Supp. 183, 185-86 (E.D. Tex. 1996).

As previously set forth, the acts of which the Barkers complain did not take place within the Eastern District; additionally, the Barkers, who now live in North Carolina, have not suffered injuries in the Eastern District. Because this forum has no connection with the Barkers nor the alleged events in this action, their choice of forum deserves no deference. *See Reed v. Fina Oil and Chemical Co.*, 995 F.Supp. 705, 714 (E.D. Tex. 1998), *citing Lindloff*, 950 F.Supp. at 185.

### 2. Litigating in the Southern District Will Be Equally or More Convenient Than the Eastern District For All Parties.

"The starting point for analyzing the convenience of the parties is a consideration of their residences in relation to the district chosen by plaintiff and the proposed district." *Gajeske v. Wal-Mart Stores, Inc.*, No. 1:99-CV-777, 2000 WL 34401691 *4 (E.D. Tex. June 26, 2000). KBR has substantial business operations in the Southern District and only extremely limited operations in the Eastern District. Exhibit 1. Neither the Barkers nor Mokhtave reside within the Eastern or Southern Districts—indeed, each would be traveling from a considerable distance to either district—so their convenience will not be adversely affected by a transfer to the Southern District.[9] Complaint at ¶¶ 2-3, 6. Therefore, transfer would not "shift inconvenience" from the moving to the non-moving parties; rather, all parties would be in equal or better positions as to convenience were this case transferred. Hence, this factor favors transfer.

### 3. Sources of Proof Are More Easily Accessible Within the Southern District.

This Court gives slight, but some, consideration to the accessibility and location of sources of proof, *see Thurmond v. Compaq Computer Corp.*, No. 1:99-CV-0711(TH), 2000 WL 33795090 *12 (E.D. Tex. March 1, 2000), <u>none of which</u> may be found within the Eastern District. In contrast, Tracy Barker's employment records were maintained in Houston. Ex. 3.

---

[9] Indeed, given that Continental and Continental Express, which have hubs in Houston, are the exclusive commercial airlines in operation at Southeast Texas Regional Airport, it appears quite likely that the Barkers and Mokhtave would pass through Houston en route to the Eastern District.

Furthermore, all sources of information, including witnesses, pertaining to pre-deployment disclosures and presentations, relevant to the Barkers' claims of fraudulent inducement, are located in Houston, where Tracy Barker's orientation took place. *Id.*

### 4. The Southern District is a More Convenient Location for Potential Witnesses.

The convenience of witnesses is usually the most important factor when assessing a transfer motion. *See Compaq*, 2000 WL 33795090 at *9.

#### a. Potential Witnesses Identified by Plaintiffs.

"[V]enue often is considered convenient in the district or division where the majority of witnesses are located." *Robertson v. Kimachi R. Co., LLC*, 42 F.Supp.2d 651, 657 (E.D. Tex. 1999). The Barkers identified forty-one relevant witnesses whose depositions may be sought.[10] See March 7, 2007 Letter, attached as Exhibit 7.[11] Of these persons, the following individuals currently live, or last were known to live, in the Houston area:

- Wesley Lane
- Craig Grabein
- Kenya Thomas
- Trae Miller
- John Stewart.

Exhibit 1. The following nine individuals, included in the forty-one, are currently working in Iraq but are permanent residents of the Southern District:

- Barron Marcee
- Kara Hall
- Terrance Copling
- Jeff Melton
- Arnold Palmer

---

[10] Since the Barkers (rather than KBR, Halliburton, or SEII) have identified these individuals, this list cannot be construed as an attempt by the movants to generate a large number of witnesses located in the proposed transferee district.

[11] This letter request for depositions was served on KBR's counsel in the arbitration proceeding which Tracy Barker initiated and in disregard of which she now has filed this action.

10

- Chriselita Lopez
- Rosita McKenzie
- Doug Bellah
- Cynthia Frank.

*Id.* Finally, Robert Richmond, identified in the complaint as one of Tracy Barker's alleged harassers, also resides in the Houston area. *Id.* While those witnesses named above who are in Texas, could be subpoenaed for trial in either the Eastern or Southern District Courts, litigation in Houston clearly would be more convenient for them.

In contrast, none of the identified witnesses live in Beaumont, and only one—Tony Vinson—is known to reside in the Eastern District. *Id.* Given the significantly greater number of witnesses located in or who reside in the Houston area, litigation in the Southern District would be more convenient for a the greater number of non-party witnesses.

### b.  Likely Key Witnesses.

Of the likely <u>key</u> witnesses currently identifiable, virtually all live in, or are permanent residents of, the Houston area. The Barkers allege that Tracy Barker was subjected to a hostile work environment based upon "supervisors and co-workers' belittling remarks, constant abusive language and open discussions of sexual exploitation" while she worked in the Procurement Department in Baghdad. Complaint at ¶ 11. They also allege that she was retaliated against for reporting "inappropriate conduct." *Id.* at ¶ 12. Her manager in Baghdad (Barron Marcee) and two human resources representatives who received or responded to her complaints there (Kara Hall and Terrence Copling), all of whom may provide key testimony regarding these alleged working conditions, are permanent residents of the Houston area temporarily assigned to work in Iraq. *See* Affidavit of Shadow Sloan, attached as Exhibit 8; Exhibit 1. Human resources representative Wesley Lane, who may provide testimony regarding her efforts to mediate

11

difficulties between Tracy Barker and her immediate supervisor[12] in Baghdad, lives in Houston. Exhibits 7, 1.

The Barkers also claim that Tracy Barker was subject to a hostile work environment in Basrah, where she was transferred after working in Baghdad. Complaint at ¶ 13. They specifically allege that "[p]ornography was openly displayed by project leaders, corporate managers, and co-workers." *Id.* Robert Richmond, her immediate supervisor in Basrah, and Craig Grabein, the project manager there, likely are the best sources of testimony about these allegations. Exhibit 8. Both have left SEII/KBR employment and live in the Houston area. Exhibit 1. The Barkers further allege that Tracy Barker was subject to quid pro quo harassment by her Basrah supervisor. Complaint at ¶ 15. Testimony from Richmond and Grabein will be essential to assessing this claim.

Finally, Trae Miller, a human resources manager, is a likely source of testimony regarding Tracy Barker's allegation of an attack by State Department employee Mokhatre, and KBR's response to those allegations. Exhibit 8. Miller lives in Houston. Exhibit 1.

In comparison, the only potential witness known to reside in the Eastern District is Tony Vinson, who was a project manager in Baghdad and supervised Barron Marcee. Exhibit 1, 8. Given the stark contrast between the number of key witnesses residing in Houston and the lone, relatively insignificant witness resident within the Eastern District, this factor clearly weighs in favor of transfer.

     **5.      The Alleged Wrongs Were Committed In the Southern District and Iraq.**

---

[12] This supervisor, Crystal Daniels, has separated from employment and was last known to reside in Clarendon, Arkansas. Exhibits 7, 1. Clarendon is approximately 508 miles from Houston and 490 miles from Beaumont.

12

The Barkers allege 1) the breach of a contract entered into in Houston; 2) misrepresentations or omissions of relevant facts made to Tracy Barker during her pre-deployment orientation in Houston; 3) a variety of acts of mistreatment and retaliation against Tracy Barker in Iraq; and 4) an attempted sexual assault upon Tracy Barker in Iraq. Therefore, the Southern District is the sole domestic situs of the wrongs alleged by the Barkers in this action, and this factor weighs in favor of transfer.

### 6. Plaintiffs Will Not Be Delayed or Prejudiced by Transfer.

There is no deadline for filing a motion to transfer venue under 28 U.S.C. §1404, but a party seeking transfer should act with reasonable promptness. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In this case, the Barkers have only recently commenced this action and Defendants are filing this motion within the time allowed for their initial responsive pleading to the Complaint. This action has not been set for trial, no discovery has commenced, and no scheduling order has been entered. Therefore, no delay will result from transfer, and this factor weighs in favor of granting this motion.

### 7. Plaintiffs' Counsel Are Located in the Southern District.

While the convenience of the parties' counsel generally is given little weight, *see Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1066 (S.D. Tex. 1999), this Court occasionally has deemed this factor relevant. *See, e.g. Compaq*, 2000 WL 33795090 at *11. The Barkers' lawyers are located in the Southern District and in Washington, D.C., not in the Eastern District. Therefore, the Eastern District is a less convenient location than the Southern District for their counsel, and this factor weighs in favor of transfer.

### 8. Public Interest Factors Favor Transfer to the Southern District.

It is contrary to the interests of justice and fundamentally unfair to maintain this action in the Eastern District absent any connection whatsoever between the Barkers' claims and this venue. The uncontroverted facts are that Tracy Barker came from North Carolina, was given orientation and signed a contract in Houston, worked in Iraq, and returned to North Carolina.

The Southern District clearly has an interest in providing a forum to corporations headquartered and engaging in substantial business operations there. It is equally unfair to (i) the federal court in the Eastern District[13] to require it to spend significant time and judicial resources litigating claims arising from events that occurred in Houston and Iraq, with respect to an employee from North Carolina with absolutely no nexus to the Eastern District, and (ii) the citizens of the Eastern District who may be required to spend their time to hear and adjudicate the claims of a North Carolina based employee and her husband about claims arising from events that occurred in Houston and Iraq, if this lawsuit remains in the Eastern District.

### IV.   Conclusion

Because of the complete absence of any connection between the Barkers' claims and the Eastern District of Texas, Defendants KBR, SEII and Halliburton move to dismiss this action for improper venue, or, alternatively, to transfer venue to the Southern District of Texas, Houston Division, for the convenience of the parties and the witnesses and in the interests of justice.

Respectfully submitted,

/s/ M. C. Carrington
M. C. Carrington, Of Counsel

---

[13] Court congestion factors neither favor nor disfavor transfer. The Judicial Caseload Profiles published by the Statistical Office of the Administrative Office of the U.S. Courts provide that the average period from filing to disposition in the Southern District of Texas is 9.0 months, as opposed to 10.8 months in the Eastern District of Texas. *See* Table C-5, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, By District and Method of Disposition, available at http://www.uscourts.gov/caseload2006/tables/C05mar06.pdf. However, the same Table shows that time from filing to trial is shorter in the Eastern District—14.5 as opposed to 19.8 months, both shorter than the national average of 22.2 months. *Id.*

State Bar No. 03880800
MEHAFFYWEBER
Post Office Box 16
Beaumont, Texas  77704
Telephone  409/835-5011
Telecopier 409/835-5177

/s/ Shadow Sloan
SHADOW SLOAN
State Bar No. 18507550
Federal ID No. 11372
V. LORAINE CHRIST
State Bar No. 24050417
Federal ID No. 611166
VINSON & ELKINS L.L.P.
First City Tower, Suite 2500
1001 Fannin Street
Houston, Texas 77002-6760
Telephone (713) 758-3822
Telecopier (713) 615-5933


ATTORNEYS FOR DEFENDANTS
KELLOGG BROWN & ROOT,
HALLIBURTON AND SEII

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of June 2007 a true and correct copy of the foregoing document was electronically filed by using the CM/ECF system and/or by first-class mail, certified return receipt requested, on Plaintiff's counsel, addressed as follows:

L. Todd Kelly
The Kelly Law Firm, P.C.
One Riverway Drive, Suite 1150
777 South Post Oak Lane
Houston, Texas 77056-1920

Paul Waldner
Vickery, Waldner & Mallia, L.L.C.
One Riverway, Suite 1150
Houston, Texas 77056

Stephanie M. Morris
Attorney at Law
1660 L Street N.W., Suite 506
Washington, D.C. 20036

                                                          /s/ M.C. Carrington
                                                          Attorney for Defendant