# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# (BEAUMONT DIVISION)

| | | |
|---|---|---|
| **TRACY K., AND GALEN D. BARKER** § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | | 1:07-cv-00294-TH |
| § | | |
| **HALLIBURTON COMPANY d/b/a** § | | |
| **KBR KELLOGG BROWN & ROOT** § | | |
| **(KBR); KELLOGG BROWN & ROOT** § | | |
| **SERVICES, INC.; KELLOGG** § | | |
| **BROWN & ROOT INTERNATIONAL,** § | | |
| **INC.; KELLOGG BROWN & ROOT,** § | | |
| **LLC; KELLOGG BROWN & ROOT,** § | | |
| **INC.; KELLOGG BROWN & ROOT,** § | | |
| **S. de R.L.; KELLOGG BROWN &** § | | |
| **ROOT (KBR), INC.; KBR** § | | |
| **TECHNICAL SERVICES, INC.;** § | | |
| **ALI MOKHTARE; SERVICE** § | | |
| **EMPLOYEES INTERNATIONAL,** § | | |
| **INC.; and THE UNITED STATES OF** § | | |
| **AMERICA** § | | |
| § | | |
| Defendants. § | | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSE TO DEFENDANTS KBR, HALLIBURTON, AND SEII'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE, OR, IN THE ALTERNATIVE, TRANSFER IN THE INTERESTS OF JUSTICE AND FOR THE PARTIES' CONVENIENCE

Tracy and Galen Barker now respond to the captioned motion filed on behalf

of Defendants, KBR, Halliburton, and SEII.

1

## PROCEDURAL FACTS

Immediately upon learning that the defendant's motion had been filed, and with the belief that the motion was frivolous, counsel for the Plaintiffs contacted counsel for the defendants and urged them to withdraw the motion, citing the defendant's own brief as authority for filing in the Eastern District.  In response, defendant's counsel simply forwarded a copy of the 5th Circuit opinion in *In re: Horseshoe Entertainment*, 337 F.3d 429.  (Exhibit A)

## STANDARD OF REVIEW

1.   Venue lies in the sound discretion of the District Court, and will not be overturned absent an abuse of that discretion.  *Horseshoe Entertainment*, at 429.

## VENUE FACTS

2.   The Eastern District of Texas is clearly a "judicial district in the state."  Despite Defense Counsel's protestations against having this matter heard in this court, the very venue provisions cited by counsel in its motion, clearly support venue in this forum (Defendant's Motion at 5).

3.   As stated so eloquently by defendants:  "the Barkers bring claims under Title VII, for which Congress has adopted special venue provisions:  Such action may be brought in any judicial district in the State in which the unlawful

employment practice is alleged to have been committed . . . *or* . . ." Defendants Motion in *Barker*, at 5.

4.  Defendants were not only aware of this special venue provision at the time they filed the instant motions, but it was brought to their counsel's attention in an effort to avoid the unnecessary hearing on this matter – to no avail. Instead, Defendants merely provided a copy of the *Horseshoe Entertainment* case: which only further supports the Plaintiff's choice of venue in the Eastern District.

5.  Defendant's entire motion rests on the notion that this cause "**could** have been brought" in the Southern District. That is irrelevant to the analysis of whether it **could also** have been brought in the Eastern District – as Plaintiffs have chosen to do.

   a.  As pointed out by the Defendants, a plaintiff's choice of forum is "highly esteemed."

   b.  As for convenience of the parties, Defendant's complain about traveling a whopping 78 miles to this courthouse (Exhibit B). Undersigned counsel spends nearly an hour each way per day driving to and from his office, the extra few minutes on the road should not factor in to this equation. In fact, it is interesting that the 78 mile distance is within the 100 mile radius of the *subpoena* power of this court, which distinguishes it from

the inconvenience the court found in *Horseshoe Entertainment*! *Horseshoe Entertainment*, 431. It is far easier to navigate the stretch of Interstate 10 than the treacherous metropolis that is greater Houston. Therefore, even as to convenience of the parties – the peaceful trek to Beaumont mitigates in favor of the Eastern District.

  c. The location of the personnel records relevant to his case is only relevant if we were bogged down with a 1970's type mentality – when actual paper documents had to be lugged around from location to location. However, when the entirety of Halliburton's personnel files, and certainly those related to this case can be contained on a contact disc not much larger than the credit cards in my wallet or on a flash drive the size of my little finger (Exhibit C), it should not matter where these records are "maintained." In fact, I will voluntarily offer to transfer the records once digitally recorded – personally for the benefit of the "burdened" defendants.

  d. The factor of "location of counsel," despite the Defendants' assertions to the contrary, is irrelevant. *Horseshoe Entertainment*, at 434. However, even if it were relevant – as defendants assert, one of defendant's own counsel (in fact a signatory to the instant motion) offices in Beaumont, Texas – the *situs* of this Court.

6.      Defendants feign a concern that a trial in Beaumont would be "contrary to the interests of justice and fundamentally unfair," What is fundamentally unfair, and contrary to the interests of justice is to have Halliburton, one of the largest employers in Houston, (Exhibit D) to be defending itself in the very city where it is headquartered, where it has such an enormous economic and philanthropic presence, and where so many potential jurors are either directly or indirectly affected by its successes and failures.  It far better serves the interests of justice to have this case heard by an impartial coalition of jurors, which can be better found in the Eastern District.

7.      As to the Defendant's motion to dismiss, this Court should deny that outright.  Defendant completely ignores the fact that this case was filed against multiple defendants, and that dismissal of this case now would work a procedural bar (the statute of limitations) as to several of them.  Plaintiff cannot conceive of a more "adverse affect" than a total procedural bar to prosecution.

WHEREFORE, Plaintiffs pray that the *Defendants' KBR, Halliburton, and SEII's Motion to Dismiss or Transfer for Improper Venue, or, in the Alternative, Transfer in the Interests of Justice and for the Parties' Convenience*,  be, in all things, denied, and that Defendants be ordered by pay the costs and attorneys' fees associated with responding to this frivolous motion.

Respectfully submitted,

/s/ L. Todd Kelly
L. Todd Kelly
**THE KELLY LAW FIRM, P.C.**
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939

Paul Waldner
**VICKERY, WALDNER & MALLIA, L.L.C.**
Texas Bar No. 20679800
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

&

Stephanie M. Morris
ATTORNEY AT LAW
Member of D.C. and PA. Bars
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-3353
Fax. (202) 463-6328
***ATTORNEYS FOR PLAINTIFF, JAMIE JONES AND JOSEPH DAIGLE***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the attached document was filed electronically by using the CM/ECF and/or by First Class Mail on the following counsel of record, this 20th day of June, 2007:

*Shadow Sloan, Esq.*
*State Bar No. 18507550*
*Federal ID No.  11372*
*V. Loraine Christ*
*State Bar No.:  24050417*
*Federal ID No.:  611166*
**VINSON & ELKINS, LLP**
*First City Tower*
*1001 Fannin Street, Suite 2300*
*Houston, Texas 77002-6760*
*(713) 758-3822*
*(713) 615-5933 (fax)*
*&*
**MEHAFFY WEBER**
*M.C. Carrington, Of Counsel*
*State Bar No.:  03880800*
*Post Office Box 16*
*Beaumont, Texas 77704*
*(409) 835-5011*
*(409) 835-5177 (fax)*

                                                /s/ L. Todd Kelly