IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TRACY K., and GALEN D. BARKER | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:07-CV-0294 |
| | § | |
| HALLIBURTON COMPANY d/b/a | § | |
| KBR KELLOGG BROWN & ROOT | § | |
| (KBR); KELLOGG BROWN & ROOT, | § | |
| SERVICES, INC.; KELLOGG | § | |
| BROWN & ROOT INTERNATIONAL, | § | |
| INC.; KELLOGG BROWN & ROOT, | § | |
| LLC; KELLOGG BROWN & ROOT, | § | |
| INC.; KELLOGG BROWN & ROOT, | § | |
| S. de R.L.; KELLOGG BROWN & | § | |
| ROOT (KBR), INC.; KBR | § | |
| TECHNICAL SERVICES, INC.; | § | |
| ALL MOKHTARE; SERVICE | § | |
| EMPLOYEES INTERNATIONAL, | § | |
| INC.; and THE UNITED STATES OF | § | |
| AMERICA | § | |
| | § | |
| Defendants. | § | |

## **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE**

Defendants Halliburton, KBR, and SEII (collectively, "Defendants") file this reply to Plaintiffs' response[1] to Defendants' motion to dismiss or transfer based upon improper venue, or alternatively to transfer venue under 28 U.S.C. § 1404(a), and would show as follows:

### I.     **Venue Is Improper In This District.**

Plaintiffs' response, though replete with bluster and sarcasm, is notably devoid of citation to any statute which would provide venue in this district. As explained by Defendants in their initial motion, and not challenged by Plaintiffs in their response, 28 U.S.C. § 1391(b)(1), which provides venue in a

---

[1] Because Plaintiffs have not moved for sanctions separately and with 21 days notice as Fed. R. Civ. P. 11(b) requires, Defendants do not address Plaintiffs' unsupported request for attorney's fees.

"judicial district where any defendant resides, if all defendants reside in the same State," does not provide venue here, as not all defendants in this action reside in Texas. Nor does 28 U.S.C. § 1391(b)(2), which provides venue in a district "in which a substantial part of the events or omissions giving rise to the claim occurred," apply. As Plaintiffs do not dispute, <u>none</u> of the alleged events or omissions giving rise to their claims took place in this district.

Nor does the Title VII venue statute apply here. Plaintiffs' contentions that it does are, at best, the product of their misunderstanding. *See* Plaintiffs' Response at ¶ 2 ("the very venue provisions cited by [Defense] counsel in this motion, clearly support venue in this forum").[2] As Defendants' initial motion explained, this supplemental provision provides venue only:

> in any judicial district in the State in which the **unlawful employment practice** is alleged to have been committed, in the judicial district in which the employment records relevant to such **practice** are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged **unlawful employment practice**…

42 U.S.C. §2000e-5(f)(3)(emphasis added). Apparently Plaintiffs' reading of Title VII is limited to those provisions expressly quoted by Defendants, as they fail to grasp that they have not alleged that <u>any</u> "unlawful employment practices" (as defined in 42 U.S.C. §§ 2000e-2 and 3) took place within Texas.[3] Rather, the only "unlawful employment practices" alleged by Plaintiffs are sexual harassment and retaliation that purportedly took place in <u>Iraq</u>.[4]

---

[2] Notably, Plaintiffs' Amended Complaint does not allege that venue is proper under Title VII, but rather that "the contract of employment executed by Tracy Barker at the time of her employment designates Texas as the contractual jurisdiction to be utilized." Complaint at ¶ 9. Apparently Plaintiffs realized this position was meritless after actually looking at Ms. Barkers' employment agreement, *see* Exhibit 2 to Motion, and are on to their next theory.

[3] As perhaps deliberately misunderstood by Plaintiffs, Defendants contend that Title VII provides venue in the Southern District for this case, but not on the basis of any "unlawful employment practice" being committed in Texas. Rather, the provision offering venue "in the **judicial district** in which the employment records relevant to such **practice** are maintained and administered" is the basis for Defendants' Title VII venue assertion. *See* 42 U.S.C. §2000e-5(f)(3)(emphasis added).

[4] Plaintiffs brought claims for misrepresentation and breach of contract allegedly occurring in Houston, Texas, but these are common law claims, not "unlawful employment practices" as defined by Title VII.

2

Because no statute provides venue in this district,[5] the Court should dismiss Plaintiffs' complaint in accordance with Federal Rule 12(b)(3) and 28 U.S.C. § 1406(a). While Plaintiffs moan that dismissal of this case would "work a procedural bar (statute of limitations) against several" of the defendants, Response ¶ 7, they fail to identify whom these defendants are or provide any authority in support of their assertion. Additionally, they certainly were aware of the risk of dismissal when filing this lawsuit in a forum unconnected to their case. However, if this Court does not want to dismiss this action, it should transfer this case to the Southern District of Texas, Houston Division under 28 U.S.C. § 1406(a).

## II.     Additionally, Private and Public Interest Factors Favor Transfer.

If the Court finds that venue is proper in this district for any reason, it still should be transferred to the Southern District; Plaintiffs' response does nothing to refute this position. First, they erroneously state that "Defendant's [sic] entire motion rests on the notion that this cause 'could have been brought' in the Southern District." Response at ¶ 5. In fact, Defendants' motion is premised upon two points: 1) this action could have been brought in the Southern District <u>and</u> 2) private and public interest factors favor transfer to the Southern District, a forum that actually has a connection to the facts, parties, and witnesses in this case. Motion pp. 7-14.

Secondly, this court has identified the convenience of key non-party witnesses as the <u>most important factor</u> in a Section 1404 transfer analysis. *See Thurmond*, 2000 WL 33795090 at *9. As Defendants explained, virtually all key non-party witnesses live in the Houston area,[6] while only <u>one</u> minor witness lives in the Eastern District. *See* Motion at 8-10. Plaintiffs' meaningless response to this information is "the extra few minutes on the road should not factor into the equation." Response at ¶

---

[5] As Defendants' Motion discusses in detail, the fallback venue provision of 28 U.S.C. § 1391(b)(3) does not come into play here as venue is proper in the Southern District under both 28 U.S.C. § 1391(b)(2) and 42 U.S.C. §2000e-5(f)(3).

[6] As an aside, Defendants never contended that witnesses in Houston were beyond the subpoena power of this Court; as this Court previously has pointed out, Federal Rule of Civil Procedure 45 (as revised in 1991) allows a court to compel a witness found in the <u>state</u> where the court sits to attend trial. *See Thurmond*, 2000 WL 33795090 at *11. Because the witnesses are in Texas, this court could subpoena them whether they were 78 miles away or in El Paso. *See* Motion p. 11 ("those witnesses named above who are in Texas, could be subpoenaed for trial in either the Eastern or Southern District Courts").

3

5b.     While Beaumont and Houston are not thousands of miles apart, Plaintiffs' argument begs the question:  What is more convenient, holding a trial where <u>virtually every</u> non-party witness will have to travel a <u>minimum</u> of 78 miles to reach the court, or holding a trial near the homes of almost all key non-party witnesses?

Additionally, Plaintiffs respond to Defendants' point that employment records for Ms. Barker are located in Houston with the unsupported assertion that "it should not matter where records are maintained." Reply at ¶5c.  Notably, the (subsequently overruled) district court in *In re Horseshoe Entertainment* also refused to consider where records were maintained in a transfer analysis "because the implements of modern electronic imaging and document transfer and retrieval will greatly reduce, if not eliminate any inconvenience to the parties in this regard."  *See* 337 F.3d at 434.  However, the Fifth Circuit found the court's refusal to consider the location of records erroneous, at least in a case involving Title VII claims; "[w]here relevant employment records are maintained is expressly stated as a venue factor in the statute and should be weighed by a District Court in evaluating the 'interest of justice' aspect of a motion to transfer." *Id.*

Plaintiffs' desperate, last-gasp argument (per usual, completely unsupported by authority) is that defendant Halliburton is a significant employer in Houston.  Yes, Halliburton employs many persons in the Houston area, but this fact weighs <u>in favor</u> of litigation in the Southern District.  The Southern District clearly has interest in providing a forum to corporations headquartered and engaging in substantial business operations there, as well as remedying tortious activities occurring there.  *See, Gajeske v. Wal Mart Stores, Inc.*, No. 1-99-CV-777, 2000 WL 34401691 *6 (E.D. Tex. June 26, 2000)(citation omitted)("[p]ublic interest supports adjudication of the controversy in that locale").  In contrast, what interest do jurors in the Eastern District have in hearing and adjudicating the claims of a North Carolina-based employee and her husband about claims arising from alleged wrongful acts by Houston-based corporations that occurred in Houston and Iraq?  *See Gajeske*, 2000 WL 34401691 at *6 (considering the

"[f]airness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute"). Moreover, Plaintiffs' insinuations that Halliburton's presence in Houston would adversely affect their ability to empanel an impartial jury are farcical. Houston is not a company town, but the fourth largest city in America. Any concerns of juror bias can be remedied by voir dire.

In conclusion, Defendants demonstrated (supported by uncontroverted evidence) that venue is not proper in this district, and that even if it were, the facts warrant transfer to the Southern District. In response, Plaintiffs have offered a derisive tone, conclusory assertions, and baseless claims of this motion's frivolousness.[7] What they have <u>not</u> offered is any basis for venue here.

                                            Respectfully submitted,

                                            <u>/s/ M. C. Carrington</u>
                                            M. C. Carrington, Of Counsel
                                            State Bar No. 03880800
                                            MEHAFFYWEBER
                                            Post Office Box 16
                                            Beaumont, Texas  77704
                                            Telephone  409/835-5011
                                            Telecopier 409/835-5177

                                            <u>/s/ Shadow Sloan</u>
                                            SHADOW SLOAN
                                            State Bar No. 18507550
                                            V. LORAINE CHRIST
                                            State Bar No. 24050417
                                            VINSON & ELKINS L.L.P.
                                            1001 Fannin Street, Suite 2500
                                            Houston, Texas 77002-6760
                                            Telephone (713) 758-3822
                                            Telecopier (713) 615-5933
                                            ATTORNEYS FOR DEFENDANTS
                                            KELLOGG BROWN & ROOT,
                                            HALLIBURTON AND SEII

---

[7] As for Plaintiffs' comments regarding this "frivolous" motion and *In re Horseshoe Entertainment*, defense counsel has no interest in sparring on a personal level with Plaintiffs' counsel, but cannot condone the false representations Plaintiffs' counsel make regarding their communications with defense counsel. Defense counsel did forward a copy of *In re Horseshoe Entertainment* to Plaintiffs' counsel in connection with this and *Jones, et al v. Halliburton Co., et al*, C.A. No. 1:07-CV-0295. However, this was not a response to any request by Plaintiffs' counsel for Defendants to withdraw their motion; in fact, such a request has <u>never</u> been made.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 25th day of June 2007 a true and correct copy of the foregoing document was electronically filed by using the CM/ECF system and/or by first-class mail, certified return receipt requested, on Plaintiff's counsel, addressed as follows:

| | |
|---|---|
| L. Todd Kelly<br>The Kelly Law Firm, P.C.<br>One Riverway Drive, Suite 1150<br>777 South Post Oak Lane<br>Houston, Texas 77056-1920 | Paul Waldner<br>Vickery, Waldner & Mallia, L.L.C.<br>One Riverway, Suite 1150<br>Houston, Texas 77056 |
| Stephanie M. Morris<br>Attorney at Law<br>1660 L Street N.W., Suite 506<br>Washington, D.C. 20036 | |

                                                                                       /s/ Shadow Sloan
                                                                                       Attorney for Defendant