IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(BEAUMONT DIVISION)

| | | |
|---|---|---|
| **TRACY K., AND GALEN D. BARKER**<br>**Plaintiffs,** | § § § | |
| vs. | § § | CIVIL ACTION NO.  1:07-CV 0294 |
| **HALLIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT (KBR);  KELLOGG BROWN & ROOT SERVICES, INC.; KELLOGG BROWN & ROOT INTERNATIONAL, INC.; KELLOGG BROWN & ROOT, LLC; KELLOGG BROWN & ROOT, INC.; KELLOGG BROWN & ROOT, S. de R.L.; KELLOGG BROWN & ROOT (KBR), INC.; KBR TECHNICAL SERVICES, INC.; ALI MOKHTARE; SERVICE EMPLOYEES INTERNATIONAL, INC.; and THE UNITED STATES OF AMERICA**<br>**Defendants.** | § § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION TO ABATE

COMES NOW, Plaintiffs, Tracy and Galen Barker, by and through her attorneys, and requests this honorable Court grant this motion to abate the Title VII claims in this case, and states the following in support thereof:

1.    The Barkers commenced this action by filing a complaint against the Defendants named herein on May 18, 2007.  The complaint asserted several negligent and intentional torts against the Defendants that were due to expire pursuant to the applicable statute of limitations in June 2007.

2.    Additionally, the Barkers asserted two Title VII counts against the defendants Halliburton Company, Kellogg Brown and Root, et al, and Service Employees International

(hereinafter "Employers"), specifically for violations of the Civil Rights Act of 1964 §703(a) and 42 U.S.C.A. §2000(e)2(a).

3.  Prior to filing the complaint, Tracy filed an official charge with the U.S. Equal Employment Office (U.S. EEOC) against the Employers on January 23, 2006. The U.S. EEOC has an on-going investigation and, to date, has not yet made its final determination on the claims.

4.  The Barkers filed the complaint in May 2007 to avoid being barred by the statute of limitations on the negligence claims and included the Title VII claims to avoid the possibility of being barred from amending to add the claims once the U.S. EEOC had made its final determination.

5.  Employers have filed an answer and a motion to dismiss or transfer this case based on improper venue. In the motion to dismiss or transfer, the Employers have attempted to preserve a right to file a motion to compel arbitration once this Court has ruled on the venue motion.[1] Clearly, such preliminary matters raised by the Employers will continue to stall formal proceedings well beyond the time frame within which the U.S. EEOC is likely to render a final determination.

6.  Therefore, the Defendants will not be prejudiced nor will the case be delayed if the Title VII claims are held in abatement considering the numerous motions they are almost certain to file over the next several months.

WHEREFORE, Plaintiffs respectfully request that this honorable Court order the Title VII claims held in abatement until a final determination is made by the EEOC or any other relief this Court deems appropriate.

Respectfully submitted,

---

[1] *See* Defendants KBR, Halliburton, and SEII's Motion to Dismiss for Improper Venue, or, in the alternative, to Transfer in the Interest of Justice and for the Parties' Convenience, 6/11/07, Pg. 2 at fn. 3.

/s/ L. Todd Kelly
L. Todd Kelly
THE KELLY LAW FIRM, P.C.
Texas Bar No. 24035049
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 255-2055
Fax. (713) 523-5939

Paul Waldner
VICKERY, WALDNER & MALLIA, L.L.C.
One Riverway, Suite 1150
Houston, Texas 77056
Tel. (713) 526-1100
Fax. (713) 523-5939

&

Stephanie M. Morris
ATTORNEY AT LAW
Member of D.C., MD and PA. Bars
1660 L. Street, N.W., Suite 506
Washington, D.C. 20036
Tel. (202) 536-3353
Fax. (202) 463-6328

*ATTORNEYS FOR PLAINTIFF, TRACY BARKER*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record were served by electronic means through the PACER; CM/ECF electronic filing system on this 23rd day of July, 2007.

/s/ L. Todd Kelly