**IN THE UNTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
(BEAUMONT DIVISION)**

| | |
|---|---|
| **TRACY K. BARKER and GALEN D. BARKER,** | |
| **Plaintiffs,** | |
| **vs.** | |
| **HALIBURTON COMPANY d/b/a KBR KELLOGG BROWN & ROOT, KELLOGG BROWN AND ROOT SERVICES CORPORATION, INC., KBR TECHNICAL SERVICES, INC., ALI MOKHTARE, SERVICE EMPLOYEES INTERNATIONAL, INC., AND THE UNITED STATES OF AMERICA,** | **CASE NO.: 1:07 CV 0294** |
| **Defendants.** | |

### DEFENDANT ALI MOKHTARE'S MOTION TO DISMISS COMPLAINT

Defendant Ali Mokhtare ("Mokhtare") respectfully moves this Court to dismiss Plaintiffs' Complaint for four equally compelling reasons. First, this Court lacks subject matter jurisdiction over the tort claims pertaining to Mokhtare, a federal employee, based upon events which are alleged to have occurred while he was acting within the scope of his office or employment. Second, even if a federal court has subject matter jurisdiction over the claims, this Court lacks personal jurisdiction over Mokhtare, a Virginia resident with no contacts with the State of Texas. Third, since none of the events discussed in the Complaint occurred, and none of the parties named in the Complaint reside in the Eastern District of Texas, this Court constitutes an improper venue for resolution of these claims. Finally, the Complaint fails to properly state a claim relating to Mokhtare upon which

Dockets.Justia.com

relief may be granted.  Thus, the Complaint should be dismissed pursuant to Rules

12(b)(1), 12(b)(2), 12(b)(3),  and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.

R. Civ. P.").

## STATEMENT OF THE ISSUES PRESENTED

1.    Whether this action should be dismissed because this Court lacks subject

matter jurisdiction over the tort claims pertaining to Mokhtare, a federal

employee, based upon events which are alleged to have occurred while he was

acting within the scope of his office or employment, pursuant to Fed. R. Civ.

P. 12(b)(1).

2.    Whether this action should be dismissed because this Court lacks personal

jurisdiction over Mokhtare, a Virginia resident with no contacts with the State

of Texas, pursuant to Fed. R. Civ. P. 12(b)(2).

3.    Whether this action should be dismissed because venue is improper in the

Eastern District of Texas, pursuant to Fed. R. Civ. P. 12(b)(3), since none of

the events discussed in the Complaint occurred, and none of the parties named

in the Complaint reside, in the Eastern District of Texas.

4.    Whether this action should be dismissed because the Complaint fails to state a

claim regarding Mr. Mokhtare upon which relief may be granted, pursuant to

Fed. R. Civ. P. 12(b)(6).

## PROCEDURAL HISTORY

Plaintiffs Tracy K. Barker and Galen D. Barker ("Plaintiffs") filed this nine-count

Complaint in the Eastern District of Texas on May 16, 2007.  On or about May 27, 2007,

the Complaint was served on Defendant Ali Mokhtare ("Mokhtare"), an employee of the

United States Department of State.  Plaintiffs amended their Complaint on May 24, 2007,

but as of the date of this Motion, the Amended Complaint has not yet been served on

Mokhtare.[1]

On June 11, 2007, Mokhtare formally requested that the Attorney General of the

United States certify that Mokhtare was "acting within the scope of his office or

employment at the time of the incident out of which the claim arose," pursuant to 28

U.S.C. § 2679(d)(1).  As of the date of this motion, the request is still pending before the

Attorney General.

**PARTIES**

Defendant Mokhtare is a naturalized American citizen who resides in Vienna,

Virginia, a suburb of Washington, D.C.  He has never lived, worked, or had business

dealings, in the State of Texas.  *See* Mokhtare Affidavit ¶ 3, attached as Exhibit 1.

Beginning in or about 1990, Mokhtare served as an employee of the United States

Department of Defense working as a systems engineer.  In 2003, he joined the United

States Department of State, serving in a supervisory capacity as a Chief Scientist.  Over

the course of the next two years, Mokhtare twice volunteered to serve in Iraq to support

the operations of the Department of State.

In March of 2004, Mokhtare, who speaks Farsi, traveled to Iraq to serve as a

translator during the interview of detainees.  This assignment lasted for about two

months.  Later in 2004, Mokhtare was asked to return to Iraq, this time to serve as the

Deputy Regional Coordinator of United States Embassy activities in the Basrah region.

---

[1] The claims in the Amended Complaint relating to Mokhtare are identical to those
contained in the Original Complaint.  Since the Amended Complaint has not yet been
served on Defendant Mokhtare, all references to paragraphs in the "Complaint" relate to
the Original Complaint filed on May 16, 2007.

In this capacity, he had supervisory responsibilities for the career service and foreign service employees of the Department of State assigned to Basrah.  Mokhtare served as Deputy Regional Coordinator from approximately December 2004 until December 2005.

Defendant Halliburton Company, working through its various subsidiaries, KBR Kellogg Brown & Root, Kellogg Brown & Root Services Corporation, Inc., and KBR Technical Services, Inc., (collectively "KBR") has a contractual relationship with the United States government to provide material support for government operations throughout Iraq.  During 2005, employees of KBR were located in Basrah along with Mokhtare and other government personnel.  As Deputy Regional Coordinator, Mokhtare had regular contact with the KBR employees, but did not exercise supervisory or management control over KBR or its employees.  During this time, he was acquainted, and had several conversations, with Plaintiff Tracy Barker.

Plaintiff Tracy Barker was employed by Defendant Service Employees International, Inc. ("SEII").  SEII recruited and procured employment contracts with individuals to work with KBR's operations in Iraq.  Tracy Barker was employed through SEII and assigned to work in Baghdad in 2004.  In 2005 she was transferred to Basrah.

### ALLEGATIONS

In their Complaint, Plaintiffs allege that KBR permitted a hostile work environment to exist in Baghdad and Basrah, Iraq that was intimidating and threatening to Tracy Barker.  Claiming that her working environment was "under the direct control and authority" of KBR and the United States,[2] Complaint at ¶ 11, they allege that:

---

[2] Plaintiffs specifically allege in their Complaint that Baghdad and Basrah were under the "direct control and authority of all defendants named herein, with the exception of Ali Mokhtare."  Complaint at ¶¶ 11, 13 (emphasis added).

the working environment was unprofessional and sexually hostile, with daily offensive verbal and physical sexual conduct.  Pornography was openly displayed by project leaders, corporate managers, and co-workers.

Complaint at ¶ 13.  Plaintiffs further claim that Tracy Barker was "repeatedly exposed to supervisors and co-workers' belittling remarks, constant abusive language and open discussions of sexual exploitation,"  Complaint at ¶11, and that her complaints to KBR supervisors were ignored.  Complaint at ¶ 12.  According to the Complaint, eventually Tracy Barker was "harassed by her direct supervisor to exchange sexual favors for favorable living and working conditions in a quid-pro-quo manner," and "[t]hough she initially refused these unwanted sexual advances, she finally succumbed to the intensity of the harassment and the repetitive demands for sex…."  Complaint at ¶ 15.

The majority of the facts and claims in the Complaint relate to the conduct of KBR and its unidentified supervisors and employees.  By contrast, there are relatively few allegations relating to Mokhtare and even fewer details about his conduct and basis for liability.  The sole factual allegation as to Mokhtare is contained in Paragraph 14 of the Complaint and reads as follows:  "On June 21, 2005 Tracy was threatened and physically assaulted by a state department [sic] employee, Ali Mokhtare who was trying to rape her, having first attempting [sic] to intimidate her by telling stories of rape victims who were ignored and later found dead."  Complaint at ¶ 14.  Notably absent from this allegation is the location of the alleged assault, the basic facts constituting threats or an assault, or the harm that resulted.

Indeed, of the nine counts contained in the Complaint, only Count III, entitled "Negligence of United States of America and Ali Mokhtare" relates to Mokhtare.  Again, the allegation as to Mokhtare contained in Count III is conclusory and devoid of essential

5

facts.  It reads in its entirety, "Defendant, Ali Mokhtare, is guilty of sexual assault, physical assault and/or reckless conduct."  Complaint at ¶ 31.

It is apparent that Plaintiffs' Complaint falls far short of what is required by federal law and this Court's rules.  In addition to failing to establish the requisite subject matter jurisdiction to bring Mokhtare before a federal court, they also have chosen a jurisdiction with no ties to Mokhtare, the parties, or the events.  Moreover, by failing to include necessary elements of the purported counts, they have utterly failed to state a claim upon which this Court may grant relief.  For these reasons and those discussed below, the Complaint should be dismissed as to Mokhtare.

**ARGUMENT**

**I.      PLAINTIFFS FAILED TO ESTABLISH THAT THIS COURT HAS SUBJECT MATTER JURISDICTION OVER ALLEGED TORT CLAIMS INVOLVING MOKHTARE, A FEDERAL EMPLOYEE**

Because federal courts are courts of limited jurisdiction, "a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998), quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996).  Plaintiffs have the burden of establishing federal jurisdiction over their claims and where there is a challenge to subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the burden remains on the party asserting federal court jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom Cloud v. United States*, 536 U.S. 960 (2002).

Here, Plaintiffs allege that this Court has subject matter jurisdiction based on diversity of citizenship, citing 28 U.S.C. § 1332. Complaint at ¶ 9.[3]  Unfortunately for Plaintiffs, the analysis of this Court's subject matter jurisdiction does not end with an allegation of diversity. Instead, where a federal government employee is accused of tortious conduct within the scope of his employment, the plaintiffs must establish that the case is an appropriate one for resolution by a federal court. As discussed below, Plaintiffs here did not, and can not, meet this requirement.

Unless waived, the United States enjoys sovereign immunity from suits seeking money damages. *United States v. Sherwood*, 312 U.S. 584 (1941). In two separate Acts, Congress granted a limited waiver of this federal sovereign immunity and consented to expose itself and its employees to tort liability. Those Acts, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act), 28 U.S.C. §§ 2671 et seq., and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, set forth the extent and limits of this waiver.

The United States Supreme Court has recognized that the FTCA was "designed to remove the sovereign immunity of the United States from suits in tort and, with certain exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004), quoting *Richards v. United States*, 369 U.S. 1, 6 (1962). The FTCA gives a federal district court jurisdiction over claims against the United States for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

---

[3] Plaintiffs incorrectly allege "on information and belief" that Mokhtare "is a foreign national." Complaint at ¶ 6. As noted above, Mokhtare is a naturalized American citizen and a resident of the Commonwealth of Virginia. Mokhtare Affidavit at ¶ 3.

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1).

Congress clearly intended the FTCA to be the only mechanism by which persons who claim that they are injured by federal government employees acting within the scope of their employment, may obtain relief. *United States v. Smith*, 499 U.S. 160, 161 (1991). Federal law provides that a claimant's sole remedy "for injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" is the FTCA. 28 U.S.C. § 2679(b)(1). This remedy is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter," and any other civil action or proceeding for money damages "arising out of or relating to the same subject matter against the employee . . . is precluded without regard to when the act or omission occurred." *Id*.[4]

Having granted a limited waiver of sovereign immunity, Congress then passed the Westfall Act, according federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties. 28 U.S.C. § 2679(b)(1); *Osborn v. Haley*, -- U.S. --, 127 S.Ct. 881, 887 (2007). When accused of tortious conduct in the course of their employment, federal employees may petition the Attorney General (or if refused by the Attorney General, the district court) for a certification that the employee was "acting within the scope of his office or employment

---

[4] Importantly, the FTCA does not open the federal courthouse door to any claimant who alleges that a federal government employee committed a tortious act. Instead, Congress chose to limit the waiver of sovereign immunity in significant ways including precluding recovery against the United States for "any claim arising in a foreign country." 28 U.S.C. § 2680(k).

at the time of the incident out of which the claim arose." *Id.*; 28 U.S.C. §§ 2679(d)(1),

2679(d)(3).  Upon certification, the employee is dismissed from the action, and the

United States is substituted in place of the employee.  *Id.*

      Given the allegations in the Complaint, this Court should dismiss the counts

against Mokhtare for failure to establish subject matter jurisdiction over the tort

allegations against him.[5]  Although the Attorney General has not yet issued a certification

of employment, this Court can confidently conclude that Mokhtare is entitled to the

protections of the Westfall Act.

      First, assuming the facts alleged in the Complaint are true, as this Court must for

purposes of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ.

P. 12(b)(1), *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir.1996), the Plaintiffs

have alleged that Mokhtare was, indeed, acting in the scope of his employment as Deputy

Regional Coordinator in Basrah.  *See* Complaint at ¶¶ 50, 51.  Second, there are

absolutely no facts contained in the Complaint that would suggest that Mokhtare, who

was in Iraq solely for purposes of his government employment, acted outside of the scope

of his official duties.  Finally, the Supreme Court of the United States has held that it is

proper to certify scope of employment when the federal employee denies a claim that

there was an intentional tort[6]:

> In sum, given the purpose of the Westfall Act to shield covered employees not
> only from liability but from suit, it is altogether appropriate to afford protection to

---

[5]Courts have treated failure to meet the requirements of the FTCA and Westfall Act as
Motions to Dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Compare, *Vander
Zee v. Reno*, 100 F.3d 952 (5th Cir. 1996) with *Williams v. United States*, 71 F.3d 502
(5th Cir. 1995). Under either analysis, the claims against Mokhtare should be dismissed.
[6] Although Mokhtare is not yet required to answer the Complaint, given his multiple
grounds for dismissal, Mokhtare emphatically denies threatening, physically or sexually
assaulting Tracy Barker or attempting to do so.

a negligent employee as a matter of course.  But it would make scant sense to read the Act as leaving an employee charged with an intentional tort to fend for himself when he denies wrongdoing and asserts that he engaged only in proper behavior occurring wholly within the scope of his office or employment.

*Osborn*, supra, -- U.S. at --, 127 S.Ct. at 898 (internal quotations and citations removed).

In the words of the Supreme Court, "[w]ere it otherwise, a federal employee would be stripped of suit immunity not by what the court finds, but by what the complaint alleges."

*Id.*  Mokhtare is therefore entitled to the protections of the Westfall Act and should be dismissed from this matter.[7]

## II.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER DEFENDANT MOKHTARE

As with subject matter jurisdiction, Plaintiffs failed to establish that this Court can exercise personal jurisdiction over Mokhtare who is not a resident of Texas, does not do business in Texas, and does not maintain systematic contacts with Texas.  Without personal jurisdiction over Mokhtare, this Court must dismiss the Complaint.

### A.    PLAINTIFFS BEAR THE BURDEN OF PROVING THE EXISTENCE OF JURISDICTION OVER MR. MOKHTARE

Plaintiffs admit in their Complaint that Mokhtare is not a Texas resident. Complaint at ¶ 6.  To establish personal jurisdiction over a non-resident defendant, a plaintiff must show that an exercise of authority by the court complies with both (1) the Texas long-arm statute, and (2) state and federal constitutional due process guarantees. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).  Since the broad language of the Texas long-arm statute extends its

---

[7] The facts, as alleged in the Complaint, are more than sufficient to demonstrate that Mokhtare was acting within the scope of his office or employment at the time of the alleged tortious conduct, and thus entitled to be dismissed from this case pursuant to 28 U.S.C. § 2679.  Should the court require more information, Mokhtare asks this Court to treat this Motion as a Petition for Certification pursuant to 28 U.S.C. § 2679(d)(3).

reach as far as the federal constitution permits, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990), the Court need only perform the due process analysis. *Id*.

Beginning with the case of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), the United States Supreme Court has consistently held that a court may not constitutionally exercise personal jurisdiction over a non-resident defendant unless it is shown that the defendant has "certain minimum contacts with the forum state such that the maintenance of the suit there does not offend the 'traditional notions of fair play and substantial justice.'" *Id*. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Thus, the constitutional due process inquiry is two-fold: (1) the defendant must have purposely established minimum contacts with the forum state, and (2) the exercise of jurisdiction must comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

The minimum contacts prong of *International Shoe*, the very "touchstone" of constitutional analysis in this area, *Burger King*, 471 U.S. at 474, depends heavily upon the "foreseeability" of a defendant being sued in a forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct in connection with the forum State are such that he should reasonably anticipate being haled into court there.") For there to be sufficient minimum contacts with the forum state, it is essential in each case that there be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987); *see also Burger King*, 471 U.S. at 473; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In this

11

sense, the due process clause ensures "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to whether the conduct will or will not render them liable to suit." *Worldwide Volkswagen*, 444 U.S. at 297.

In determining whether a defendant has "purposely directed" his activities toward the forum state, two categories of personal jurisdiction have been recognized by the courts: general jurisdiction and specific jurisdiction. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984). "General jurisdiction" exists "if there are continuous and systematic general business contacts between the state and the foreign corporation, even if the cause of action does not relate to (the defendant's) activities in the forum state." *Sea Lift, Inc. v. Refinadora Costarricense*, 792 F.2d 989, 992 (11th Cir. 1986) (citations omitted). Specific jurisdiction exists if the non-resident's contacts with the forum which relate to the plaintiff's claim constitute "purposeful availment." *Sea Lift*, 792 F.2d at 793.

Once personal jurisdiction is challenged by the defendant (as Mokhtare does here), the plaintiff has the burden of producing evidence which supports the jurisdiction of the court. *See Colwell Realty Inv., Inc. v. Triple T Inns of Az., Inc.*, 785 F.2d 1330, 1332 (5th Cir. 1986); *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex. Ct. App.–Dallas 1993); *Tetco Metal Prods. v. Langham*, 387 F. 2d 721 (5th Cir. 1968). *See generally* 5 A.C. Wright & A. Miller, Federal Practice and Procedure §13.52 (2d Ed. 1985) ("On the motion [to dismiss for lack of personal jurisdiction], plaintiff bears the burden to establish the court's jurisdiction . . . ."). Moreover, a plaintiff cannot meet this burden by making broad conclusory allegations, but instead must go beyond the

pleadings to prove the court can exercise personal jurisdiction. *Paternostro v. Dow Furnace Co.*, 848 F. Supp. 706, 709 (S.D. Miss. 1994) (in granting defendant's motion to dismiss, the court stated that "bald allegations without more are insufficient to overcome a Rule 12(b)(2) motion."). As discussed below, neither general nor specific jurisdiction exists in this case.

### B.   MR. MOKHTARE LACKS THE REQUIRED MINIMUM CONTACTS WITH THE STATE OF TEXAS.

Plaintiffs failed to establish this Court's general jurisdiction over Mokhtare because Mokhtare does not maintain substantial, continuous, and systematic contacts with Texas. Mokhtare is not a resident of Texas. Complaint at ¶ 6; Mokhtare Affidavit at ¶ 3. In fact, Mokhtare has never maintained a residence in the state of Texas, nor does he have an interest in, use or possess any real or personal property or any asset located in Texas. He does not do business in, and has never done business in, the State of Texas. Mokhtare Affidavit at ¶ 3. In short, Mokhtare's contacts with Texas are non-existent.[8]

Similarly, specific jurisdiction does not exist because Plaintiffs have not alleged, and can not allege, facts that would demonstrate that Mokhtare purposefully availed himself of Texas law. No action alleged in the Complaint took place in Texas and Mokhtare took no affirmative action to subject himself to Texas law. He did not expect nor agree to be subject to the jurisdiction of a Texas court. Consequently, it is entirely unreasonable for Mokhtare, a Virginian, to be subject to authority of this East Texas court.

---

[8] Whatever contractual relationship existed between Tracy Barker and KBR or its subsidiaries or agents is immaterial to this Court's analysis of personal jurisdiction over Mokhtare. No business or contractual relationship existed between Mokhtare and Tracy Barker.

Finally, this Court's assumption of jurisdiction over Mokhtare would most certainly offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 US at 316, 66 S.Ct. at 158. There is no compelling reason why, given the complete lack of a connection with the State of Texas, Mokhtare should be haled before this court to answer to allegations relating to his federal service in Iraq. He lives nearly 1,500 miles away from this Court; defending these allegations in Texas would be unduly burdensome and grossly unfair. Having Mokhtare here would serve no identifiable interest of the Court or the lawsuit, and thus the Court should dismiss the matter for lack of personal jurisdiction.[9] *See O'Quinn v. World Indus. Const.*, 68 F.3d 471 (5th Cir. 1995)(actions of an independent contractor by themselves are not sufficient to subject a non-resident corporation to the jurisdiction of the forum state.); *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999)(no general or specific personal jurisdiction based on the presence of defendant at three business meetings in Texas where the contract at issue contained clauses providing for Swedish arbitration according to Norwegian law.); *Allred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997)(district court did not have personal jurisdiction under Mississippi long-arm statute; exercise of personal jurisdiction would not be consistent with due process.).

---

[9] In the event that the Court believes that more evidence is required, Mokhtare respectfully requests an evidentiary hearing at which the burden remains on the Plaintiff to prove personal jurisdiction.

### III.    SINCE NEITHER THE PARTIES NOR THE CLAIMS ARE CONNECTED TO THE EASTERN DISTRICT OF TEXAS, THIS COURT IS AN IMPROPER VENUE

Even if the Plaintiffs could establish that this federal court had subject matter and personal jurisdiction, the Complaint should be dismissed as to Mokhtare because venue is improper in the Eastern District of Texas.

The controlling law is clear: a civil action in which a defendant is an employee of the United States or any agency thereof acting in his official capacity or under color of legal authority may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. 28 U.S.C. § 1391(e).  Failure to establish proper venue subjects the complaint to dismissal under Fed. R. Civ. P. 12(b)(3).

Plaintiffs have not, and can not, meet any of the three prongs of the 1391(e) analysis.  First, no defendant resides in this judicial district.  Mokhtare is a resident of Virginia and KBR maintains its principal place of business in other locations.[10]  Second, none of the events alleged in the complaint occurred in the territory comprising the Eastern District of Texas.  Finally, there is no allegation that either Plaintiff resides in this jurisdiction.  Indeed, according to the

---

[10] KBR, through counsel, has filed a motion to dismiss, or in the alternative to transfer, based on improper venue in this district.  In its motion, KBR confirms that it does not 'reside' in the Eastern District of Texas.  Defendant KBR is a Delaware corporation with its principal place of business in Houston, Texas.  *See* KBR Motion to Dismiss, p. 3. KBR is incorporated in Delaware, and its principal place of business is Houston, Texas, as well. *Id.*  SEII is incorporated in the Cayman Islands with its principal place of business in Dubai, United Arab Emirates. *Id.*

Complaint, Plaintiffs Tracy Barker and Galen Barker are residents of North

Carolina, stationed in Fort Bragg.  *See* Complaint at ¶ 2.

Plaintiffs' sole reason as to why venue is appropriate in the Eastern District of

Texas is a bald assertion that venue is permissible because, "…Defendants regularly

conduct business within the district, and the contract of employment executed by Tracy

Barker at the time of her employment designates Texas as the contractual jurisdiction to

be utilized."  Complaint at ¶ 9.  While the contract at issue may designate Texas for

purposes of choice of law, it does not designate the Eastern District of Texas as the forum

for Plaintiffs' claims.  *See* KBR Motion to Dismiss, p. 4.  Furthermore, any choice of law

provision is not applicable to Mr. Mokhtare as he was not a party to Plaintiff Tracy

Barker's employment agreement.  *See* Mokhtare Affidavit at ¶ 6.

In sum, because of the complete absence of any connection between

Plaintiffs' claims and the Eastern District of Texas, Plaintiffs' Complaint should

be dismissed for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules

of Civil Procedure.  *Dubin v. United States*, 380 F.2d 813 (5th Cir. 1967); *ACF*

*Industries, Inc. v. Guinn*, 384 F.2d 15 (5th Cir. 1967).

### IV.     PLAINTIFFS' CONCLUSORY ALLEGATIONS AS TO MOKHTARE FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff set

forth in her complaint a "short and plain statement of the claim showing that the pleader

is entitled to relief."  No special form of pleading is required, and courts have been

repeatedly instructed to construe the pleadings liberally, provided the pleading gives "the

defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

16

*Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Although the federal rules set a low threshold for what language is required in a pleading, there must at least be enough information to put the defendant on notice of the claims he is expected to defend against.  As measured even against this minimum standard, Plaintiffs claims relating to Mokhtare are wholly conclusory and lack even the basic information required to adequately state a claim.

In Plaintiffs' 33-page Complaint, the sole factual allegation as to Mokhtare is contained in Paragraph 14 of the Complaint and reads as follows:  "On June 21, 2005 Tracy was threatened and physically assaulted by a state department [sic] employee, Ali Mokhtare who was trying to rape her, having first attempting [sic] to intimidate her by telling stories of rape victims who were ignored and later found dead."  Complaint at ¶ 14.  Similarly, of the nine counts contained in the Complaint, only Count III, entitled "Negligence of United States of America and Ali Mokhtare" relates to Mokhtare.  Again, the allegation as to Mokhtare contained in Count III is conclusory and devoid of essential facts.  It reads in its entirety, "Defendant, Ali Mokhtare, is guilty of sexual assault, physical assault and/or reckless conduct."  Complaint at ¶ 31.

By comparison, Plaintiffs' allegations do not even match the extremely brief sample pleadings contained in the form pleadings appended to the Federal Rules of Civil Procedure which are "intended to indicate the simplicity and brevity of statement which the rules contemplate."  Fed. R. Civ. P. 84.  *See General Electric Capital Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005).  Form 9 gives the following example of a minimally sufficient pleading for negligence:

> 1.  Allegation of jurisdiction.
> 2.  On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
> 3.  As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.

Fed. R. Civ. P. Appendix of Forms, 9.

Although Plaintiffs do allege a date (June 21, 2005), they otherwise completely fail to allege: (1) in what country the conduct occurred; (2) where in the country the conduct occurred; (3) what conduct constituted the threat or assault; and (4) what harm befell the Plaintiffs as a result of the assault.  Moreover, since the complaint identifies both Tracy Barker and Galen Barker as plaintiffs, there is absolutely no mention of any wrongful conduct – conclusory or otherwise - committed by Mokhtare to or against Galen Barker "showing that the pleader is entitled to relief" as is required by Rule 8.

Because Plaintiffs have completely failed to meet the minimum pleading requirements envisioned by the federal rules, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[11]  In the alternative, Plaintiffs should be required – at a minimum – to replead their vague and ambiguous Complaint with sufficient detail to put Mokhtare on notice of the claims he is expected to defend against, pursuant to Fed. R. Civ. P. 12(e).

---

[11] Assuming Plaintiffs are alleging that the intentional torts occurred in Iraq, they should be required to plead with sufficient detail to permit Mokhtare and this Court to resolve the relevant choice of laws issues.

**V.     CONCLUSION**

Since Plaintiffs have: (1) failed to establish that this Court has subject matter

jurisdiction over the claims against Mokhtare; (2) failed to establish that this Court has

personal jurisdiction over Mokhtare; (3) failed to establish that this Court is the proper

venue for resolution of this action; and (4) failed to properly state a claim, this Court

should dismiss the Complaint with prejudice.  In the event that the Court requires further

evidence or argument, Mokhtare respectfully requests a hearing on the issues contained

in this Motion.

Dated: July 24, 2007                                  Respectfully submitted,

                                                      Schertler & Onorato, L.L.P.


                                                          /s/
                                                      Robert J. Spagnoletti
                                                      Texas Bar No. 18869610
                                                      Habib F. Ilahi
                                                      Texas Bar No. 24029625
                                                      601 Pennsylvania Avenue, N.W.
                                                      North Building, 9th Floor
                                                      Washington, D.C. 20004-2601
                                                      Ph. (202) 628-4199
                                                      Fax (202) 628-4177

                                                      *Counsel for Defendant Ali Mokhtare*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Ali Mokhtare's Motion to Dismiss was served, via the Court's Electronic Case Filing system, this 24th day of July 2007.


                                        /s/
                                        Habib F. Ilahi